**June YOUNG, Plaintiff–Appellant,**

v.

**WILL COUNTY DEPARTMENT OF PUBLIC AID, Defendant–Appellee.**

No. 88–3469.

United States Court of Appeals,
Seventh Circuit.

Argued June 5, 1989.

Decided Aug. 22, 1989.

Armand L. Andry, Oak Park, Ill., for plaintiff-appellant.

Laurel Black Rector, Asst. Atty. Gen., Welfare Litigation Div., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, WOOD, Jr., and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

### I.

Plaintiff June Young appeals from the decision of the district court granting summary judgment in favor of defendant on her claim of age discrimination under the Age Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*) and dismissing similar pendent state claims. The district court found that plaintiff failed to establish a prima facie case of discrimination and alternatively that any adverse actions taken toward the plaintiff by the defendant were justified by legitimate business reasons. We affirm.

### II.

Plaintiff began employment with defendant, Will County Office of the Illinois Department of Public Aid ("Will County"), at the approximate age of 47 in November 1980, and remained an employee on the date of oral argument in this case. She was hired for the position of Caseworker II in the Non–Assistance Food Stamp Unit under the supervision of Paula Ambrosch who was approximately 27 years of age at the time plaintiff began work. Young's job responsibilities required her to make food-stamp eligibility redeterminations for households previously determined eligible for benefits. Households remain eligible for food-stamp assistance for a specified number of months not to exceed one year. In order to continue benefits beyond the initial eligibility period, the household must be reexamined as to size, income and other eligibility factors. In order to avoid an interruption in the receipt of benefits, the redetermination must be completed prior to the expiration of the current food-stamp certification period. A system of lists denoting the age of pending recertification cases is utilized by Will County to monitor the processing of claims. The "H list" is a compilation of the oldest cases which have remained pending for at least 29 days, requiring an immediate decision in order to avoid a break in benefits.

Plaintiff claims that she was the subject of discrimination, harassment and retaliation at the hands of her younger supervisor, Paula Ambrosch, in the form of unfavorable performance reviews and generally hostile behavior. Specifically, Young alleges that when she began work at Will County she did not receive her Food Stamp Manual necessary to perform her duties until after other new employees received them. Her job performance was first reviewed in January 1981, when Ambrosch noted that Young's work production was slow, suggesting that she should increase her productivity. The review procedure employed by Will County requires both the employee and supervisor to evaluate the employee's performance and to discuss any discrepancies in the perception of each. In the January 1981 review, Young agreed that she needed improvement in the areas of job knowledge, quality of work and follow-up, although there was disagreement between them over Young's use of time and productivity. Young was again evaluated in June 1981, when Ambrosch noted that plaintiff had made some progress but needed continued improvement in the area of work productivity. Young agreed that she needed improvement in the areas of productivity, planning and follow-up.

Young was again evaluated in March 1982, at which time she was promoted from Caseworker II to Caseworker III. Ambrosch's comments indicated that Young had met or exceeded Ambrosch's expectations.

Relations between the two allegedly took a turn for the worse in December 1983, when, after returning from a sick leave, Young alleges Ambrosch refused to allow a fellow employee of Young, Marian Egigio, to assist Young in her backlogged caseload as was routinely done when an employee was absent from work due to an illness. As a result, in March 1983 Young had 142 cases on the H list. Based on Ambrosch's unsatisfactory review in April 1983, Young's annual salary increase was withheld for approximately four months until August 1, 1983, resulting in a loss of $212 in income. In July 1984 Young was evaluated by Ambrosch, again finding that Young needed improvement in use of her time, planning, and follow-up of her cases. Plaintiff agreed that she needed improvement in the areas of follow-up and productivity.

Ambrosch also issued approximately six corrective action plans, each of which involves a confirmation of a conference between the employee and supervisor to discuss a performance deficiency and time frame within which the deficiency should be corrected. The corrective action plans were issued between 1981 and 1984 and primarily addressed Young's inability to process claims in a timely fashion and reduce the number of cases on the H list.

Young's job performance subsequently improved to the point where she no longer had any cases on the "G list" (25 to 29 days old) in the fall of 1984. In January 1985 Young was evaluated by another supervisor, Grace Vavrina, and received a favorable job review. This review also contained remarks from Ambrosch concurring in the assessment of Young's improvement in performance. As further evidence of discriminatory conduct, plaintiff asserts that by 1988 she was earning $12,000 less than two younger, less educated, less experienced employees (presumably Cynthia Ragusa and Kathleen DeChecko) in the same

position with the same length of employment service. Young also asserts that Ambrosch wrote derogatory memos to Young and orally reprimanded her in the presence of other workers. Young also complains that although she received the same formal training as other employees in her department, she was denied the informal training and assistance of Ambrosch due to her prejudice toward older workers.

■ At the outset, we must address defendant's contention that plaintiff's claim is time-barred for her failure to file this charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the violation. 42 U.S.C. § 2000e–5(e). All doubts on jurisdictional timeliness are to be resolved in favor of trial. *Pastrana v. Federal Mogul Corp.,* 683 F.2d 236, 242 (7th Cir.1982). Many of the incidents contained in Young's complaint occurred more than 300 days prior to her filing a claim with the EEOC on July 29, 1984. Plaintiff counters defendant's charge of untimeliness by characterizing the allegations in her complaint to be a "continuing violation" as recognized in *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571. In order to fall within this doctrine, there must be a present violation, not simply the effects of a past violation. *Caldwell v. Nat. Ass'n of Home Builders,* 771 F.2d 1051, 1055 (7th Cir.1985). To succeed under the continuing violation theory, plaintiff must demonstrate that the acts of alleged discrimination are part of an ongoing pattern of discrimination and that at least one of the alleged discrete acts of discrimination occurred within the relevant limitations period. Young's complaint, liberally construed, alleges a continuing environment of harassment and denial of advancement opportunities to older workers at Will County. Although it is not clear whether Young continues to be under the supervision of Ambrosch or another supervisor, she appears to allege that other supervisors contribute to these violations as well, alleging that Will County "through their policies and practices intentionally excluded older employees from promotions, salary increases and otherwise damaged

their employment reputations and records and continue to do so" (R. 1 at ¶ 49). Young's claim was therefore timely filed with the EEOC.

Young presented no direct evidence of age discrimination other than the fact that Ambrosch was younger and allegedly treated Young unfavorably through her reviews and office interaction. Young, however, fails to offer any evidence to link the alleged adverse actions taken by Ambrosch to the age of Young. As inferential evidence, Young relies on testimony of Dorothy Frazer, "another over 40 employee supervised by Ms. Ambrosch". Frazer avers that she left the employ of the defendant because of her unfair treatment by Ambrosch as evidenced by her affidavit: "I was completely demoralized ... She treated me as a nonperson ... She didn't talk to me. She snarled at me." (R. 69.) None of Frazer's testimony contains any reference to age. Further, an examination of the H lists reveals that Frazer and Young, with a few exceptions, regularly had a significantly higher number of cases on the H list than any other worker, while two younger workers, DeChecko and Ragusa, maintained the lowest H lists. (R. 68 at 17–20.)

 In the absence of any direct evidence of discrimination, plaintiff may prove a prima facie case of age discrimination by use of the burden-shifting analysis of *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 which, adapted for this case, requires showing that the plaintiff was: (1) in a protected class; (2) performing the job satisfactorily; (3) nevertheless the subject of a materially adverse employment action; and (4) others outside of the protected class were treated more favorably. *Matthews v. Allis–Chalmers*, 769 F.2d 1215, 1217 (7th Cir.1985). Once plaintiff meets this burden, defendant can avoid liability by demonstrating that the true reason for the adverse action was a legitimate business reason.

 The district court determined that Young failed to establish that she met her employer's legitimate job expectations and alternatively, that the defendant had legitimate business reasons for any of the actions cited by plaintiff. We agree. Her complaint is based on the delay of her salary increase resulting in a loss of $212 in income, unfavorable reviews, the writing of derogatory memos by Ambrosch, the lack of informal assistance by Ambrosch and the generally hostile work environment created by Ambrosch. In order to demonstrate inferentially that these actions were taken for other than legitimate reasons, Young is required to show that she was meeting her employer's reasonable expectations. Young does not challenge the fact that she had significant difficulty in the timely processing of reapplications for benefits and that her evaluations were directed at this problem. The timely processing of cases was essential to her job in order to avoid a break in benefits to qualifying families. Plaintiff consistently had one of the highest H lists in her unit, while two younger workers, Ragusa and DeChecko, consistently had the lowest H lists. Plaintiff, however, did show improvement in this area, reducing her H list from 66 cases in June 1981 to 7 cases in December 1981. Ambrosch then recommended Young for promotion from Caseworker II to Caseworker III in January 1981. In March 1983, Young's H list increased considerably from 9 cases in December of 1982 to 142 in March of 1983, at which time Ambrosch recommended that Young's salary increase be withheld until August 1983. Young was also subjected to a series of informal corrective action plans due to her failure to process cases in a timely way.

Young does not attempt to deny or explain her failure to perform her duties expeditiously, but maintains that the reprimands and corrective action taken are evidence that Will County was discriminating against workers on the basis of age. None of the evaluations, corrective action plans or written reprimands of course contained any reference to age, and carefully detailed Young's problem areas and her gradual improvement. Ambrosch did, however, note in one evaluation that there were communication problems between herself and Young, but noted that Young "feels better about herself and her job and I can see a

change in her respect for my position" (R. 68 at Exhibit M). Although it is possible under some circumstances that a communication problem between an employee and supervisor or like forms of subtle discrimination could prevent an employee from meeting her employer's expectations, Young does not maintain that position nor does the evidence support it. Young demonstrated her potential to meet the job performance expectations by improving her productivity to the point where she had very few cases on the H or G lists. Absent any additional evidence, it does not appear therefore that Young was unable to meet the job expectations due to Ambrosch's behavior toward her.

Neither is the evidence cited by Young sufficient to establish a "hostile work environment" as Young has occasionally characterized her claim. In *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 2405–2406, 91 L.Ed.2d 49 the Supreme Court recognized that "a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." Although hostile work environment claims in the context of age discrimination are rare, the Eleventh Circuit has elicited the following helpful standard for establishing such a claim in the context of sexual harassment: (1) the plaintiff is a member of a protected class; (2) plaintiff was harassed because of her membership in the class; (3) the harassment affected a term, condition or privilege of employment. *Henson v. City of Dundee*, 682 F.2d 897, 903–904. Young has utterly failed to demonstrate, either directly or inferentially, that she was subject to the alleged incidents of adverse treatment because of her age. None of the conduct was directed at Young's age, but at her work performance. It is also doubtful that the incidents cited by plaintiff were sufficient to constitute harassment. The withholding of a salary increase, unfavorable work evaluations and Ambrosch's referring older employees to the manual for answers * do not in combi-

nation rise to the level of harassment found in *Hunter v. Allis–Chalmers Corporation, Engine Division*, 797 F.2d 1417 (7th Cir. 1986), but are comparable to the claims in *Williams v. Williams Electronics, Inc.*, 856 F.2d 920 (7th Cir.1988), which were held insufficient to constitute discrimination.

For the preceding reasons, the district court's decision in favor of the defendants is affirmed.

---

* Such a practice was disclosed in testimony of former co-worker Dorothy Frazer (quoted in plaintiff's br. 15–16).