**Keith GOODLUCK, Plaintiff,**

v.

**KELLY TRACTOR COMPANY, Defendant.**

**No. 83–2954–CIV–WMH.**

United States District Court,
S.D. Florida.

March 27, 1990.

Murphy & Parente, John W. Parente, Coral Gables, Fla., for plaintiff.

Mershon, Sawyer, Johnston, Dunwody & Cole, for defendant.

### ORDER DENYING SUMMARY JUDGMENT AND GRANTING MOTION IN LIMINE

HOEVELER, District Judge.

I

This is an employment discrimination suit brought by Plaintiff Keith Goodluck against Defendant Kelly Tractor Company. Defendant has moved for summary judgment on the grounds that Plaintiff's action is time-barred for having failed to comply with the 90 day limitations period within which to sue under Title VII after being notified of the disposition of a complaint filed before the Equal Opportunity Commission. 42 U.S.C. Section 2000e–5(f)(1).

On February 12, 1982, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission (hereinafter the "EEOC"), alleging that he was demoted, harassed, and finally discharged on January 21, 1982. Plaintiff did not allege that he was discriminated against because of his race, and on April 21, 1982, the EEOC dismissed Plaintiff's charge on the grounds that the EEOC was without jurisdiction, thereby notifying Plaintiff of his "right to sue" within 90 days of the EEOC dismissal pursuant to 42 U.S.C. Section 2000e–5(f)(1).

However, Plaintiff did not sue within the 90 day period. Instead, on June 17, 1982, Plaintiff filed a second charge of discrimination against Defendant with the EEOC. The second EEOC charge (hereinafter "EEOC–2") alleged racial discrimination, as well as factual allegations nearly identical to those raised in the first EEOC charge (hereinafter "EEOC–1"). On August 4, 1983, the EEOC issued a "Notice of Right to Sue" on EEOC–2. Plaintiff then filed this suit within the 90 day limit of EEOC–2, but after the 90 day limit of EEOC–1 had already expired.

## II

Defendant moves for summary judgment on the grounds that EEOC–2 was based on the same factual allegations of EEOC–1, and that because Plaintiff failed to sue within the 90 days following the Notice to Sue from EEOC–1, this action is now time-barred. Defendant asserts that allowing Plaintiff to sue on EEOC–2 after the 90 days provided for by EEOC–1 had already expired would enable Plaintiff to evade the 90 day limitations period merely by filing a second charge. Plaintiff, however, contends that EEOC–2 is materially different from EEOC–1 in that EEOC–1 alleges discrimination on the basis of retaliation, whereas EEOC–2 alleges racially motivated discrimination.

In support of its position, Defendant relies primarily on two points of authority. In the case of *Lo v. Pan American World Airways*, 787 F.2d 827 (2d Cir.1986), plaintiff filed a charge with the EEOC and received a Notice to Sue within 90 days. Rather than suing, plaintiff filed another complaint with the EEOC based on exactly the same facts. In a *per curiam* opinion, the Second Circuit affirmed the district court's dismissal of the action, holding that the 90 day limitation would be meaningless if "potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased." *Lo* at 828. In the case of *Otis v. Inland Container*, 25 FEP 1277 (1980), plaintiff first filed a complaint with the EEOC, voluntarily dismissed the complaint, and then attempted to file a second complaint three years later that reinvoked the allegations of the first complaint. The court ruled that the action was time-barred on the grounds that the EEOC's entertainment of the second complaint could not toll the statute of limitations of the first 90 day period.

However, both *Otis* and *Lo* are distinguishable from the case at bar. In this case, Plaintiff filed EEOC–1 as a charge of discrimination based on retaliation.[1] Nowhere in EEOC–1 does Plaintiff allege that the discrimination complained of was racially motivated. As grounds for dismissal, the Notice of Right to Sue on EEOC–1 stated that there was "[n]o jurisdiction, therefore the Commission has no authority to process your charge further." By contrast, EEOC–2 explicitly charges Defendant with discrimination based on race and national origin. In processing the two charges, the EEOC itself viewed them as different, for EEOC–1 was dismissed for lack of jurisdiction, and EEOC–2 was examined on the merits. In view of the fact that EEOC–1 and EEOC–2 were distinct enough to warrant disparate findings by the EEOC, the expiration of the limitations period set in motion by EEOC–1 should not preclude suit on EEOC–2.

Furthermore, although it was not argued before this Court, there appears substantial merit to the position that the dismissal of EEOC–1 for lack of jurisdiction entitled Plaintiff to file EEOC–2 as if EEOC–1 had never been filed. To hold otherwise would create a procedure whereby an EEOC charge which contained a jurisdictional defect due to faulty pleading would effectively deny plaintiff the opportunity to have the EEOC hear the claim— for according to Defendant's position, the only way in which a plaintiff could cure a jurisdictional dismissal would be by suit under Title VII within the 90 day period. Such an interpretation of 42 U.S.C. Section 2000e–5(f)(1) would appear particularly inappropriate in this context of Equal Opportunity disputes which are often conducted without the benefit of counsel.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment be hereby DENIED.

## III

There is also pending before the Court, Defendant's Motion in Limine to lim-

---

**1.** The standard EEOC "form charge" used in EEOC–1 includes a section entitled "Cause of Discrimination" in which there are six boxes that can be checked to indicate the basis for the claim as being: race; color; sex; religion; national origin; or other. The box marked in EEOC–1 is the last one, "other", under which it is written that the basis for discrimination was "retaliation".

it the scope of Plaintiff's action to the issue of whether Defendant violated Title VII subsequent to December 19, 1981, and to prohibit Plaintiff's introduction of evidence regarding alleged wrongdoing by Defendant which occurred prior to that date.

A charge under Title VII must be filed within 180 days of the alleged unlawful employment practice. 42 U.S.C. Section 2000e–5(e). This provision operates to shield an employer from damages for "any conduct he may have engaged in prior to 180 days before the filing of a charge." *Larkin v. Pullman–Standard Div. Pullman, Inc.*, 854 F.2d 1549, 1562 (11th Cir. 1988). *See also Tillman v. Holy Cross Hospital*, 706 F.Supp. 831, 837 (S.D.Fla. 1987).

The charge which serves as the basis for this action was filed with the EEOC on June 17, 1982. The date which falls 180 days before the filing of this charge is December 19, 1981. It is therefore ORDERED AND ADJUDGED that employment practices taking place before December 19, 1981, may not serve as the basis of damages in the above-styled action.

DONE AND ORDERED.