919 F.2d 143
 54 Fair Empl.Prac.Cas. 1560
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorraine GENOAR, Plaintiff-Appellant,
v.
CLOROX COMPANY, Defendant-Appellee.
 No. 89-3373.
 United States Court of Appeals, Seventh Circuit.
 Argued July 12, 1990.
Decided Nov. 26, 1990.
 
 Before CUDAHY, and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Lorraine Genoar brought an action against the Clorox Company alleging constructive discharge from employment in violation of the Age Discrimination in Employment Act (ADEA). The jury returned a verdict in her favor, and Clorox moved for judgment notwithstanding the verdict. Judge Moran granted the motion, and Genoar appeals. We affirm.
 
 I.
 
 2
 Genoar started working for Clorox in 1957 at the age of thirty-three as an hourly employee and over the next twenty-nine years worked her way up to the salaried position of traffic clerk. Until December 1983, Clorox's hourly and salaried employees received approximately annual pay increases. Clorox then adopted a merit system for its salaried ranks. Salaries for a particular job category fell within a range of ± 20% of what Clorox determined was the competitive market rate. The system was designed so that employees at the low end of the range were eligible for pay increases at shorter intervals than those at the midpoint or high end. Company policy provided that employees could not receive a pay increase while on probation or extended sick leave.
 
 
 3
 Genoar was at the high end of the pay range for her job of traffic clerk, and her pay increases came in intervals greater than one year--September 1982, December 1983 and August 1985. Genoar was unhappy about the frequency of her raises and complained to Robert McCoy, the plant manager, and to William Castleberry, the regional manager, who attempted to explain Clorox's pay ranges and merit system to her. Genoar admits she never understood the pay scheme, not even after hearing it explained at trial. McCoy told Genoar that she was at the top of the range for a clerk and could go no higher. Sometime after her initial discussions with McCoy, Genoar again approached him and asked why she was so far behind on getting a raise and whether he was 'pushing her out.' According to Genoar, McCoy responded, "No. You're a diehard; you'll never quit."
 
 
 4
 Genoar's complaints went beyond pay and included Clorox's failure to include her in a meeting, seminar and inventory, and to give her a Clorox company jacket. Genoar admitted at trial that these actions were not discriminatory and did not cause her to retire. Genoar did, however, feel that Clorox's response to these grievances was unsatisfactory. Genoar was also unhappy because Clorox had required her to learn to use a computer and to handle returned merchandise and filing in addition to her other duties as traffic clerk. Consequently, Genoar felt that Clorox did not appreciate her.
 
 
 5
 Genoar retired on March 31, 1986. In early April 1986, Genoar filed a charge with the EEOC, complaining that she felt forced to retire because Clorox did not give her a raise she believed was due in December 1985. Genoar then filed this age discrimination action in which the jury returned a verdict in her favor. Clorox filed a motion for judgment notwithstanding the verdict or for a new trial. Judge Moran granted the motion for judgment n.o.v., and Genoar filed a timely notice of appeal.
 
 II.
 
 6
 We review the district court's grant of a motion for judgment notwithstanding the verdict de novo. Fleming v. County of Kane, 898 F.2d 553, 559 (7th Cir.1990). We must view the evidence in the light most favorable to Genoar and determine whether the evidence taken as a whole provided a sufficient basis from which the jury could have reasonably concluded that age was a factor in Clorox's decisions regarding Genoar's raises. Id.; Selle v. Gibb, 741 F.2d 896, 901 (7th Cir.1984). The evidence was not sufficient to support the jury's verdict.
 
 
 7
 Genoar testified that she felt forced to retire because Clorox did not give her a raise in December 1985. The withholding of a salary increase alone is insufficient to establish a claim of constructive discharge.[1] See Young v. Will County Dep't of Public Aid, 882 F.2d 290, 294 (7th Cir.1989). Genoar was properly designated as a clerk for salary purposes, and all clerks within Clorox were limited by the salary range. Although the salary cap impacted employees with more seniority, who also happened to be older employees, there is nothing to indicate that the range was intended as a means to discriminate. The timing of Genoar's raises was consistent with Clorox's pay scheme, and the amount of these raises was consistent with that paid to other employees.
 
 
 8
 At trial, Genoar engaged McCoy and Castleberry in a discussion of job titles and descriptions and Clorox's probation policy, then attempted to impeach them with their deposition testimony to show that Clorox was playing fast and loose with these. Genoar contends that Clorox often disregarded its own policies, invoking them only when it was expedient, such as, to discriminate against her because of her age. Genoar points to one instance where another clerk, Sue Niebling, received a raise while on probation, but hers was delayed by her probation. Clorox admits that Niebling should not have received a raise, and points out that except for this error, Niebling and Judy Bartuch, another clerk who Genoar contends received better treatment, were given pay increases consistent with Clorox's salary policies. Taken in the light most favorable to Genoar, the evidence showed that Clorox was uniformly sloppy in its use of job titles, and inconsistently followed its probation policies at the Chicago facility. What is missing is evidence to link the alleged manipulation of job titles and the probation policy to Genoar's age. McCoy's statement about Genoar being a "diehard" is ambiguous at best as a reference to Genoar's age. This does not provide sufficient evidence of intentional age discrimination.
 
 
 9
 Genoar also argues that there was evidence that Clorox could have gone outside its salary range by evaluating her job as a higher level position as Chris Anderson, Clorox's compensation expert, and McCoy testified was possible. Even accepting that this could be done, Clorox's failure to do so is not prima facie evidence of discrimination. Genoar presented no evidence that Ed DuBose, her immediate supervisor, or McCoy discriminatory applied the salary scheme to favor Niebling and Bartuch, who were 45 and 50 years old respectively when Genoar retired. Both Niebling and Bartuch were paid less than Genoar until she announced her retirement and Niebling was promoted.
 
 
 10
 Nor was there evidence that Genoar was denied opportunities for advancement to positions which would have paid more. Had Genoar been willing to leave her traffic clerk position and learn new skills, she could have moved into an entry-level management position. Genoar, however, admitted that she had no interest in a change in position. She just thought she should be paid more, sooner. This is not sufficient evidence of intentional age discrimination.
 
 
 11
 Finally, the incidents which caused Genoar to feel unappreciated are not sufficient circumstantial evidence of age discrimination. Genoar complained that she was left out of a meeting (apparently word went out announcing the meeting after she left work one day), was not invited to a seminar because of an oversight (apparently Genoar had no desire to attend the seminar anyway), and was not asked to take inventory as she had been in the past. These incidents were sporadic, covering a period of several years. Genoar could not recall when they occurred, and as the district court aptly noted: "These were ... at most minor aches and pains which festered." We note that " '[a]n employee may not be unreasonably sensitive to [her] working environment.' " Brooms v. Regal Tube Co., 881 F.2d 412, 423 (7th Cir.1989) (quoting Johnson v. Bunny Bread Co., 646 F.2d 1250, 1256 (8th Cir.1981)). While these incidents contributed to Genoar's feeling unappreciated, there is no evidence that Clorox was attempting to push Genoar out because of her age by excluding her or by making her job meaningless. To the contrary, Clorox required Genoar to learn to use the computer and gave her greater responsibility by relying on her to process returned merchandise and handle filing in addition to her other duties.
 
 
 12
 Even if there were evidence of age discrimination, Genoar has not presented evidence sufficient to show that her disappointment with her pay was of such a serious nature, or that her working conditions were so unpleasant, that a reasonable person in her position would have felt compelled to retire. See Brooms, 881 F.2d at 423; Bourque v. Powell Elec. Mfg. Co., 617 F.2d 61 (5th Cir.1980). When asked to summarize the reason she felt forced out, Genoar responded, "Added work, no added pay." Being asked to do more work without being paid more for it does not create the type of aggravating circumstances which would make a reasonable person feel forced to retire.
 
 III.
 
 13
 When taken as a whole, the evidence does not provide a sufficient basis from which the jury could reasonably have concluded that Clorox discriminated against Genoar because of her age. The district court properly granted Clorox's motion for judgment notwithstanding the verdict.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Judge Moran instructed the jury that to establish a case of constructive discharge, Genoar had to prove that (1) Clorox intentionally discriminated against her because of her age; (2) the discrimination was of such a serious nature that a reasonable person in her position would have felt compelled to retire; and (3) she felt compelled to retire because of the discrimination