Phyllis A. SHIPBAUGH, Plaintiff,

v.

BOYS & GIRLS CLUBS OF AMERICA, Defendant.

No. 94 C 3960.

United States District Court, N.D. Illinois, Eastern Division.

April 25, 1995.

Alan Charles Schaefer, Schaefer & Schaefer, Hoffman Estates, IL, for plaintiff.

Carla Joanne Rozycki and Stephanie Lee Dodge, Keck, Mahin & Cate, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This case is before the court on the motion of defendant Boys & Girls Clubs of America to dismiss the Amended Complaint ("Complaint") for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6).

### I. BACKGROUND

Plaintiff Phyllis A. Shipbaugh charges defendant Boys & Girls Clubs with a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–3(a). The allegations in the Complaint are the appropriate basis for the factual background herein and the resolution of the pending Rule 12(b)(6) motion. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Shipbaugh began employment with Boys & Girls Clubs in October 1983. She alleges that beginning in February 1992 she was subjected to sexual harassment and discrimination by her immediate supervisor. Plaintiff further alleges that defendant compelled her immediate supervisor's resignation on August 17, 1992, because of Shipbaugh's complaints regarding her immediate supervisor's actions. The parties agree that these sexual harassment and discrimination claims are untimely. Accordingly, they are not a part of the plaintiff's allegation that the Boys & Girls Clubs has violated Title VII. However, Shipbaugh alleges that her complaints

and her immediate supervisor's subsequent resignation are the origin of defendant's alleged retaliation and discrimination.

The Title VII claim alleges that Shipbaugh was subjected to acts of retaliation and harassment almost immediately after her immediate supervisor's resignation. (Complaint at 2, ¶ 11.) Plaintiff alleges that in November 1992 her entire job description was rewritten by Boys & Girls Clubs. (*Id.* ¶ 12.) Furthermore, the Complaint alleges that in December 1992, Shipbaugh was transferred to a different department within Boys & Girls Clubs. She claims that the transfer resulted in both a loss in status and conditions of employment and also a significant change in her duties and responsibilities. (*Id.* ¶ 13.) Shipbaugh further alleges that her performance evaluations had been consistently "excellent" or "superior plus" until October 1992. (*Id.* ¶ 14.) Plaintiff alleges that beginning in October 1992, her reviews were reduced to "failed to meet most performance standards" and "met some performance standards." (*Id.* at 2–3, ¶ 15.) Last, plaintiff alleges that the acts of harassment and retaliation by Boys & Girls Clubs commenced in August 1992 and continued until April 18, 1994, when Shipbaugh felt compelled to resign from her employment. (*Id.* at 3, ¶ 18.) Essentially, Shipbaugh contends that Boys & Girls Clubs engaged in a retaliatory campaign to remove her through the above and other retaliatory acts.

Defendant now presents three arguments for dismissal of plaintiff's Complaint in its entirety: (1) plaintiff failed to file a timely charge of retaliation with the EEOC, barring her claims under Title VII; (2) plaintiff's Complaint fails to state a claim because her alleged changes in her job description, less desirable work assignment and less favorable performance evaluation, all without any alleged loss in salary or benefits or other adverse effect, are not actionable material adverse employment actions; and (3) plaintiff's Complaint fails to state a claim under Title VII because she has not alleged an actionable constructive discharge.

## II. STATUTE OF LIMITATIONS ON FILING OF EEOC CHARGE

■ A prerequisite for a lawsuit in this case is that plaintiff must have filed a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1) [1]. This limitation period has a dual purpose. First, it guarantees "the protection of the civil rights laws to those who promptly assert their rights." Second, the limitations period protects employers from the onerous task of defending claims "arising from employment decisions that are long past." *Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980).

■ In determining the statute of limitations issue, the focus must be "[upon] whether any present violation exists" and not on the effects of earlier employment decisions. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *Young v. Will County Dep't of Public Aid,* 882 F.2d 290, 292 (7th Cir.1989). The alleged present violation may be a continuing violation rather than a single act in violation of Title VII. "To succeed under the continuing violation theory, plaintiff must demonstrate that the acts of alleged discrimination are part of an ongoing pattern of discrimination and that at least one of the alleged discrete acts of discrimination occurred within the relevant limitations period." *Id.*

■ In this motion to dismiss, defendant contends that Shipbaugh's complaints about the November 17, 1992, rewrite of her job description and the December 1, 1992, change in her job assignment are completed acts that occurred outside of the relevant limitations period. Boys & Girls Clubs further asserts that no continuing violation exists because those allegations are not of the same type or nature and are substantially separated in time from Shipbaugh's October 5, 1993, performance evaluation and her

1. Section 2000e–5(e)(1) provides for two limitations periods, depending upon the administrative route chosen by the employee. Since defendant argues under the longer period, it is not necessary to consider which period rightly applies.

April 18, 1994, resignation. The defendant cites many cases in support of this argument. However, the favorable cases defendant cites were ruling upon a summary judgment motion, in which of course the undisputed material facts had been identified. *See Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497 (7th Cir.1994) (affirming summary judgment); *Silverberg v. Baxter Healthcare Corp.*, No. 88 C 9124, 1990 WL 70411 (N.D.Ill. May 4, 1990) (granting summary judgment motion).

■ This Rule 12(b)(6) motion is unlike the summary judgment cases cited by defendant where the court considers a factual record in deciding the motion. In this case, the court must only look at the face of the Complaint and determine whether Shipbaugh has pleaded facts which show that her suit is time-barred, as this court discussed in *Pacourek v. Inland Steel Co.*, 858 F.Supp. 1393, 1398–99 (N.D.Ill.1994). It is well established that a motion to dismiss for failure to state a claim should be granted only if the court is certain that the plaintiff cannot prove any set of facts which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 102. In the present case, in order to hold that the statute of limitations bars plaintiff's claims, the court would have to find that the allegations in Shipbaugh's Complaint would under no circumstances constitute a continuing violation. The court cannot make such a determination in this motion to dismiss. *Cf. Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 532 n. 11 (7th Cir.1993).

A liberal reading of the Complaint supports a continuing violation theory because plaintiff is not alleging isolated incidents of retaliation. Rather, the Complaint alleges that the acts in violation of Title VII began in August 1992 and continued through April 18, 1994. (Complaint at 3, ¶ 18.) The court recognizes the possibility that the alleged acts were in fact not part of a continuing violation. Nevertheless, such a determination by the court is inappropriate on this motion to dismiss, where the court has found the Complaint supports the theory.

## III. FAILURE TO STATE ANY ACTIONABLE MATERIAL ADVERSE EMPLOYMENT ACTION

Plaintiff claims that she was retaliated against because she raised the issue of sexual harassment of her immediate supervisor. The alleged retaliatory acts in the Complaint include a rewritten job description, transfer to a different department, loss in status and conditions of employment, significant change in duties and responsibilities, less favorable performance evaluation, different treatment from that of other employees, and harassment and retaliation continuing from August 1992 through April 18, 1994, when plaintiff felt compelled to resign.

■ Defendant's second argument for dismissal is that Shipbaugh has failed to state a *prima facie* case of retaliation. Specifically, defendant's theory is that plaintiff has failed to allege any actionable material adverse employment actions.

■ A *prima facie* case of unlawful retaliation in violation of Title VII exists when a plaintiff establishes that " '(1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there is a causal link between the protected expression and the adverse action.' " *Rennie v. Dalton*, 3 F.3d 1100, 1109 (7th Cir.1993), (quoting *Holland v. Jefferson National Life Insurance Co.*, 883 F.2d 1307, 1313 (7th Cir.1989)), *cert. denied*, —— U.S. ——, 114 S.Ct. 1054, 127 L.Ed.2d 375 (1994).

Again the favorable cases cited by defendant are rulings upon summary judgment. *See Crady v. Liberty National Bank & Trust Co.*, 993 F.2d 132 (7th Cir.1993) (summary judgment affirmed); *D'Aquino v. Citicorp/Diner's Club, Inc.*, 755 F.Supp. 218 (N.D.Ill.1991) (summary judgment motion granted); *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890 (10th Cir.1994) (summary judgment affirmed). Additionally, Boys & Girls Clubs argues that a job transfer or a change in job responsibilities does not rise to the level of an actionable materially adverse employment action if it is not accompanied by a change in wages or benefits.

The Seventh Circuit has explained what constitutes a materially adverse employment action:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Crady,* 993 F.2d at 136 (7th Cir.1993).

■ In deciding this motion to dismiss, plaintiff is granted all reasonable inferences and all well-pleaded allegations are taken to be true. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985). It is possible to envision a factual scenario, consistent with the Complaint, in which plaintiff can establish "significantly diminished material responsibilities." Similarly, it could reasonably be inferred that the entire Complaint supports a theory of "indices that may be unique to a particular situation" which constitute a materially adverse employment action. These are fact-based determinations.

In short, the court cannot conclude that under no circumstances could plaintiff be able to prove that she has not experienced "significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Consequently, it does not necessarily follow from the Complaint that an adverse employment action by defendant did not occur. The court finds that plaintiff has alleged an adverse employment action by defendant.

### IV. FAILURE TO ALLEGE AN ACTIONABLE CONSTRUCTIVE DISCHARGE

■ The Complaint alleges that plaintiff was compelled to resign on April 18, 1994, and therefore that she was constructively discharged. Defendant asserts, however, that it is entitled to dismissal of Shipbaugh's Complaint regarding her resignation from employment because the Complaint fails to allege an actionable constructive discharge.

■ The standard applied in determining whether a plaintiff has been constructively discharged is whether the working conditions were "so intolerable that a reasonable person would have been compelled to resign." *Chambers v. American Trans Air, Inc.,* 17 F.3d 998, 1005 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994). The precedent cited by defendant is not instructive. All of the cited cases were decided based on some form of a factual record. *See Carter v. Caring for the Homeless of Peekskill, Inc.,* 821 F.Supp. 225 (S.D.N.Y.1993) (motion for judgment notwithstanding the verdict); *Campbell v. Kansas State University,* 780 F.Supp. 755 (D.Kan.1991) (six-day bench trial); *Chambers,* 17 F.3d 998 (summary judgment).

As stated previously, the court can grant the motion to dismiss only if plaintiff cannot possibly prove any set of facts that would entitle her to relief. The Complaint alleges that defendant engaged in a retaliatory campaign designed to remove plaintiff from employment. In addition, the Complaint alleges some specific acts of harassment and retaliation. The issue of whether these allegations rise to the level of an actionable constructive discharge is a fact-based determination.

Applying the liberal standard required in deciding motions to dismiss, the alleged working conditions may have been "so intolerable that a reasonable person would have been compelled to resign." Hence, it does not follow inevitably from the Complaint that plaintiff could not have been constructively discharged. Consequently, a motion to dismiss would be premature. The court holds that plaintiff has sufficiently alleged an actionable constructive discharge.

### CONCLUSION

The Defendant Boys & Girls Clubs of America's Motion to Dismiss the Amended Complaint is denied. The Amended Complaint survives the motion in all respects.