**Bernard VITELLO, Plaintiff,**

v.

**LITURGY TRAINING PUBLICATIONS, Defendant.**

No. 95 C 5858.

United States District Court, N.D. Illinois, Eastern Division.

July 19, 1996.

Elizabeth Joy Guscott–Mueller, Attorney at Law, Chicago, Illinois, for Plaintiff.

Robert C. Yelton, III, Robert James Golden, Jeffrey Edward Kehl, Dowd & Dowd, Ltd., Chicago, Illinois, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Liturgy Training Publications' ("Liturgy") motion to dismiss plaintiff Bernard Vitello's ("Vitello") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons that follow, the court grants in part and denies in part Liturgy's motion.

### I. BACKGROUND [1]

Vitello, a 46–year–old male, began working for Liturgy in January 1989 as a shipping warehouse manager. In January 1993, Vitello's co-worker filed a charge with the Illinois Department of Human Rights ("IDHR"), alleging that Liturgy had discriminated against her based on her age and sex. Vitello provided information to the IDHR on his co-worker's behalf. At a hearing in the case in September 1993, Liturgy found out that Vitello had provided information in the case.

In November 1993, Vitello was told by his supervisor that his position as shipping warehouse manager was being eliminated and a new position, distribution manager, created. The supervisor told Vitello that he would be demoted to shipping clerk because of his incompetence. However, in June 1993, Vitello had received an excellent performance evaluation.

In March 1994, Vitello was given a significantly lower and false performance appraisal. He was demoted to shipping clerk, while his

---

1. The facts are taken from Vitello's amended complaint and are presumed true for the purpose of this motion. *See Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

younger and less qualified co-workers were promoted. One of the promoted employees, who was assigned to supervise Vitello, previously had been under Vitello's direct supervision and control.

In June 1994, Vitello gave his supervisor a doctor's note restricting the lifting that Vitello could do, but rather than decreasing Vitello's lifting duties, the supervisor assigned Vitello to a job that required heavier lifting than his normal duties had required. In September 1994, Vitello was suspended without pay for a day and a half after being falsely accused of making noise in the shipping department and harassing a temporary employee.

On October 5, 1994, Vitello filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was demoted in May 1994 in retaliation for assisting in his co-worker's EEOC claim against Liturgy, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e–2000e–17. On October 20, 1994, Vitello amended the charge to allege that the retaliation was also in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621–634. The EEOC issued a right-to-sue letter on March 10, 1995.

After Vitello filed his EEOC charge and made other complaints to various Liturgy personnel, Liturgy subjected Vitello to suspension, harassment, and different terms and conditions of employment, and engaged in actions including diverting Vitello's career path, undermining and curtailing his authority, eroding his responsibilities and duties, reducing his rank and position with Liturgy compared to less qualified but younger employees, and segregating him in an isolated area that was not close to the stock area.

Vitello felt compelled to quit his job with Liturgy, and did so on February 22, 1995. On April 24, 1995, Vitello filed a second EEOC charge, alleging that he was discriminated against because of his age and retaliated against because of his filing the first EEOC charge. He received a right-to-sue letter based on that charge on August 17, 1995, and filed a complaint in this court on October 16, 1995.

In his amended complaint, Vitello alleges that beginning in November 1993, Liturgy engaged in a continuing pattern of discriminatory employment practices because of Vitello's age and in retaliation for his providing assistance in his co-worker's IDHR claim and filing his own EEOC charge, in violation of the ADEA and Title VII.

Liturgy now moves to dismiss Vitello's amended complaint, contending that Vitello did not timely sue after receiving his first right-to-sue letter and therefore that his claim is now barred pursuant to 42 U.S.C. § 2000e–5(f)(1) and 29 U.S.C. § 626(e), both of which require a plaintiff to sue his employer within 90 days of receiving a right-to-sue letter.

## II. DISCUSSION

### A. Basis of Liturgy's motion to dismiss

■ Liturgy based its motion to dismiss on this court's purported lack of subject matter jurisdiction, arguing that the court does not have subject matter jurisdiction over Vitello's claim because Vitello did not comply with Title VII's and the ADEA's time limit for filing his lawsuit. However, Title VII's and the ADEA's 90–day filing requirement is not jurisdictional but instead acts as a statute of limitations. *See St. Louis v. Alverno College*, 744 F.2d 1314, 1316 n. 2 (7th Cir.1984). Consequently, the court will treat Liturgy's motion to dismiss as one pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

### B. Standard for deciding a Rule 12(b)(6) motion to dismiss

■ When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case.

See FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## C. *Retaliation and age discrimination claims*

Liturgy acknowledges that Vitello filed his complaint within 90 days of receiving the right-to-sue letter based on the second EEOC charge. However, it contends that all of the allegedly discriminatory incidents set forth in Vitello's amended complaint occurred prior to October 5, 1994, when Vitello filed his first EEOC charge, and that Vitello's amended complaint contains none of the allegations set forth in the second EEOC charge. Thus, Liturgy argues that because Vitello did not file his complaint until well after the 90–day period for filing an action based on the first EEOC charge had lapsed, Vitello has no cause of action for any of the incidents of discrimination alleged in his complaint.

Vitello counters that his amended complaint alleges a continuing pattern of discriminatory and retaliatory practices that continued through February 1995, when Vitello was constructively discharged, and that the second EEOC charge also alleged retaliation and age discrimination. Vitello argues that he filed his original complaint within 90 days of receiving the second right-to-sue letter, and therefore that his amended complaint was timely filed and states a cause of action against Liturgy.

### 1. *Retaliation for assisting in co-worker's IDHR case*

Vitello concedes that he did not file his lawsuit within 90 days of receiving his first right-to-sue letter. Thus, unless some exception to the 90–day filing requirement applies, Vitello is barred from bringing a cause of action based on the retaliation that was the subject of his first EEOC charge. *See, e.g., Alverno College,* 744 F.2d at 1317 (district court correctly dismissed case not brought within 90–day limitation period).

■ Since the 90–day time limit is akin to a statute of limitations, it is subject to the doctrines of equitable tolling and waiver. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 n. 6, 104 S.Ct. 1723, 1726 n. 6, 80 L.Ed.2d 196 *reh'g denied,* 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984); *Alverno College,* 744 F.2d at 1316 n. 2. Vitello does not expressly argue that either equitable tolling or waiver saves his claim. However, he repeatedly contends that he has alleged a continuing violation. Thus, the court assumes that Vitello is invoking the continuing violation doctrine, a form of tolling.

■ The continuing violation doctrine allows a plaintiff to base a claim on a time-barred act by showing that the time-barred act is part of an ongoing pattern of discrimination and that at least one of the alleged acts of discrimination occurred within the relevant limitations period. Courts treat such a combination as one continuous act within the limitations period. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir.1992); *Young v. Will County Dept. of Public Aid,* 882 F.2d 290, 292 (7th Cir.1989).

■ A plaintiff may establish a continuing violation under three scenarios. First, usually in cases involving hiring or promotion practices, "the employer's decision-making process takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred." *Selan,* 969 F.2d at 565 (citing *Stewart v. CPC Int'l, Inc.,* 679 F.2d 117, 120–121 (7th Cir.1982). Second, "the employer has an express, openly espoused policy that is alleged to be discriminatory." *Id.* Third, "the employer has, for a period of time, followed a practice of discrimination, but has done so covertly, rather than by way of an open notorious policy.... In such cases the challenged practice is evidenced only by a series of discrete, allegedly discriminatory, acts." *Id.*

■ If Vitello's situation falls under any of these scenarios, it is the last one. The question under this scenario is whether the

allegations of Vitello's amended complaint indicate that Liturgy's acts were " 'related closely enough to constitute a continuing violation' or were 'merely discrete, isolated, and completed acts which must be regarded as individual violations.' " *Selan,* 969 F.2d at 565 (quoting *Berry v. Board of Supervisors of Louisiana State Univ.,* 715 F.2d 971, 981 (5th Cir.1983)).

■ The Seventh Circuit has adopted the Fifth Circuit's three-factor inquiry in making a determination under the "covert practice of discrimination" scenario:

'The first is subject matter. Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation? The second is frequency. Are the alleged acts recurring ... or more in the nature of an isolated work assignment or employment decision? The third factor, perhaps of most importance, is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate?'

*Selan,* 969 F.2d at 565 (quoting *Berry,* 715 F.2d at 981).

■ In light of the foregoing factors, it is clear that Vitello does not allege a continuing violation, at least with respect to the claim of retaliation by demotion for helping his co-worker. First, the subject matter of that claim—Vitello's demotion in May 1994 in retaliation for assisting in his co-worker's IDHR case—is different and distinct from the other retaliation claim or the age discrimination claim. Second, the retaliation by demotion was in the nature of an isolated employment decision rather than a recurring act. Third, the demotion had a degree of permanence that not only should have triggered Vitello's awareness of and duty to assert his rights, but in fact did so, evidenced by the fact that Vitello filed the first EEOC charge alleging retaliation.

The Seventh Circuit has emphasized the importance of this third factor in setting forth the primary rationale for allowing a continuing violation theory to save time-barred claims:

'What justifies treating a series of separate violations as a continuing violation? Only that it would have been unreasonable to require the plaintiff to sue separately on each one. In a setting of alleged discrimination, ordinarily this will be because the plaintiff had no reason to believe he was a victim of discrimination until a series of adverse actions established a visible pattern of discriminatory treatment.'

*Selan,* 969 F.2d at 565–66 (quoting *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1310 (7th Cir.1989).

Vitello believed that he was a victim of retaliatory discrimination at the time he filed his first EEOC charge in October 1994. Thus, giving Vitello the benefit of the doubt, even if other discriminatory incidents occurred but escaped Vitello's notice until a visible pattern appeared, the retaliation alleged in Vitello's first EEOC charge was not one of these incidents. It would not have been unreasonable to require Vitello to sue based on the first retaliation by Liturgy because Vitello was aware that the retaliation had occurred.

Accordingly, Vitello has not alleged a continuing violation encompassing the retaliation by demotion for assisting in his co-worker's IDHR case.

■ In addition, though Vitello does not argue the point, Vitello cannot save his first retaliation claim by contending that he re-alleged it in his second EEOC charge. To allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90–day time limit for filing lawsuits "meaningless," because it would allow the plaintiff to "evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever [he] pleased." *Lo v. Pan American World Airways, Inc.,* 787 F.2d 827, 828 (2d Cir.1986).

■ Last, though Vitello does not argue this point, either, Vitello cannot preserve his claim of retaliation by demotion for assisting

his co-worker by showing that it is like or reasonably related to the allegations in the second EEOC charge. A plaintiff may bring claims not explicitly in his EEOC charge if he satisfies two conditions: (1) the claims are like or reasonably related to the allegations in the EEOC charge, and (2) the claims grow out of the allegations made in the EEOC charge. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.) (*en banc*) (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir.1971)), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976).

█ Claims in a complaint are not like or reasonably related to allegations in an EEOC charge unless a factual relationship exists between them. That is, " 'the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals.*' " *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir.1995) (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir.1994)) (emphasis in original).

█ In Vitello's case, the retaliation by demotion allegation involves a different form of retaliation, and for a different reason, than the retaliation alleged in the second EEOC charge. The two instances of retaliation were separate and distinct events, as shown by the fact that Vitello filed separate EEOC charges for each instance of retaliation. Similarly, the retaliation by demotion allegation involves a different form of age discrimination than that alleged in the amended complaint, which alleges a continuing pattern of age discrimination. Thus, the second EEOC charge and the retaliation by demotion alleged in the amended complaint do not describe the same conduct, and so are not like or reasonably related to each other.

█ Accordingly, the court finds no exception to the 90–day filing requirement that would preserve Vitello's retaliation by demotion claim. Therefore, Vitello cannot base his cause of action on that instance of retaliation by Liturgy, since he did not file a complaint within 90 days of receiving his right-to-sue letter for his first EEOC charge complaining of the retaliation by demotion.

**2. Retaliation for filing the EEOC charge and age discrimination claims**

Liturgy concedes that Vitello filed his original complaint within 90 days of receiving a right-to-sue letter based on his second EEOC charge, but it contends that the claims contained in the second EEOC charge nonetheless are barred.

█ While Vitello was not permitted to reallege his first EEOC charge in his second EEOC charge, see *Lo*, 787 F.2d at 828, he was permitted to bring his second EEOC charge alleging a different form of discrimination. *See, e.g., Bond v. American Medical Association*, 764 F.Supp. 122, 123, 126 (N.D.Ill.1991) (plaintiff alleging race-based denial of promotion and placement on probation in first EEOC charge and retaliation and race-based termination in second EEOC charge stated claim for race discrimination based on second EEOC charge); *Goodluck v. Kelly Tractor Co.*, 733 F.Supp. 1479, 1480–81 (S.D.Fla.1990) (plaintiff alleging retaliation in first EEOC charge and race discrimination based on same incidents in second EEOC charge stated claim for race discrimination based on second EEOC charge).

Vitello based his second EEOC charge on forms of discrimination different from the retaliation alleged in his first EEOC charge. In the second charge, Vitello alleged that he was retaliated against for filing the first EEOC charge, and was subjected to discriminatory treatment because of his age. He makes these same allegations in his amended complaint. Moreover, in both the second EEOC charge and amended complaint, Vitello alleges various incidents of discrimination different from the May 1994 demotion, on which his first EEOC charge was based.

The court notes that Vitello's amended complaint is not a model of clarity and specificity in pleading. However, granting Vitello all reasonable inferences and taking all of his well-pleaded allegations as true, see *Ellsworth*, 774 F.2d at 184, the court finds that paragraphs 17 through 22 of Count I of the amended complaint state a claim for retaliation based on Vitello's filing the first EEOC

charge. The court also finds that Count II of the amended complaint states a claim for age discrimination, even if Vitello is basing his age discrimination claim on incidents that occurred prior to his filing his first EEOC charge. Vitello's first EEOC charge alleged only retaliation. His second EEOC charge, and Count II of his amended complaint, allege what amounts to a continuing pattern of discrimination against Vitello because of his age.[2] It goes without saying that Vitello must prove the allegations he has made. At this stage, though, it does not appear beyond doubt that Vitello could prove no set of facts in support of his claims. *See Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102.

The fact that the second EEOC charge states that the alleged discrimination took place between January 1, 1995, and February 2, 1995, does not change the court's conclusion. The substance of the second EEOC charge, in which Vitello describes the discrimination of which he was complaining, contains allegations of discrimination that clearly occurred both before January 1, 1995, and after February 2, 1995. The court finds that the substance of the charge controls over the dates in the appropriate box on the EEOC charge form. *Cf. Jenkins*, 538 F.2d at 168–69 (though plaintiff failed to check box on EEOC form for sex discrimination, statements made in EEOC charge charged sex discrimination as well as race discrimination; therefore, plaintiff could bring cause of action for sex discrimination as well as for race discrimination).

The court will not strictly construe the second EEOC charge in an attempt to preclude Vitello's lawsuit. In fact, to do so would violate the principles behind anti-discrimination statutes such as Title VII and the ADEA. "The standard for determining whether an EEOC charge sufficiently encompasses the allegations of a subsequent federal complaint 'is a liberal one in order to effectuate the remedial purpose of [the anti[-]discrimination statutes].'" *Egan v. Palos Community Hosp.*, 889 F.Supp. 331, 337 (N.D.Ill. 1995) (quoting *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985)).

Applying this liberal standard, then, the court finds that Vitello's second EEOC charge sufficiently encompasses the allegations of the portion of Count I alleging retaliation for filing the first EEOC charge and all of Count II of his amended complaint. Because Vitello's complaint was filed within 90 days of the date on which he received his second right-to-sue letter, the complaint was timely filed.

### III. CONCLUSION

For the foregoing reasons, Liturgy's motion to dismiss is granted in part, in that Vitello's claim of retaliation as set forth in his first EEOC charge is time-barred; and denied in part, in that Vitello's claims of retaliation and age discrimination as set forth in his second EEOC charge are not time-barred. Vitello's claim of retaliation as set forth in his first EEOC charge is ordered stricken from his amended complaint.

---

**2.** However, as the court already has found, Vitello cannot base his cause of action, whether under Title VII or the ADEA, on the claim of retaliation alleged in Vitello's first EEOC charge.