Maurice S. McGEE, Plaintiff,

v.

RANDALL DIVISION OF TEXTRON, INC. OF GRENADA, MISSISSIPPI, Defendant.

No. WC86–110–NB–D.

United States District Court, N.D. Mississippi, W.D.

Sept. 8, 1987.

Maurice S. McGee, Winona, Miss., for plaintiff.

Jeffrey A. Walker, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the defendant's motion for summary judgment. The court has duly considered the briefs and exhibits submitted by both parties and is now in a position to rule on the motion.

### I. Introduction

The plaintiff brought this action to recover for the defendant's alleged discriminatory hiring practices. The plaintiff initially alleged violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1981, and Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.* The plaintiff seeks back pay, injunctive relief, damages for mental and emotional distress, reasonable attorneys' fees, and costs. A pretrial order issued in this action on May 12, 1987 sets forth a cause of action for racial discrimination under Title VII only, thereby eliminating the remaining claims.

### II. Facts

The following facts are undisputed. The plaintiff is a black male who was employed by Rockwell International Corporation [Rockwell] at its Grenada, Mississippi plant from August, 1976 to December, 1977. During his employment the plaintiff worked as a machinist. On July 1, 1985, the defendant purchased the Grenada Plant from Rockwell primarily for the manufacture of wheel covers. At all relevant times, the defendant employed fifteen or more persons for each working day.

On November 14, 1985, the plaintiff applied for a job as a machinist at the defendant's plant. The plaintiff's application contains two false statements. The application states that the plaintiff was employed by Rockwell from August, 1976 to November, 1979. On the contrary, the plaintiff testified in his deposition that his employment terminated in November or December, 1977. In addition, the application represents that he left his employment with Rockwell for personal reasons. However, the plaintiff admitted in his deposition that he was discharged for failing to report to work on three consecutive working days. At the time of his discharge, it was recommended that the plaintiff not be considered for reemployment in the future. The plaintiff's signature is placed on the application under the following certification:

I certify that the foregoing answers and information are correct to the best of my knowledge and belief, and authorize the company to investigate any of this information. I understand and agree that any misrepresentation by me on this form is sufficient excuse for rejection of my application or discharge if employed.

In a letter to the plaintiff dated November 26, 1985, the defendant set forth the following reasons for rejecting the plaintiff's application:

(1) falsification of the plaintiff's employment period with Rockwell;

(2) falsification of the reason for termination of the plaintiff's employment with Rockwell; and

(3) Rockwell's non-reemployment recommendation.

The plaintiff filed a charge with the Equal Employment Opportunity Commission [EEOC] alleging that the defendant refused to hire him on the basis of race. Finding no reasonable cause to believe that the defendant racially discriminated against the plaintiff, the EEOC issued a Notice of Right to Sue to the plaintiff on May 28, 1986.

From November 11, 1985 through June 24, 1986, the defendant hired six white machinists. The job applications of four of these machinists contained errors. Jimmy Stewart was hired on November 18, 1985. In his application dated November 12, 1985, Stewart provided incorrect information as follows:

Question: Have you ever before applied for work with this company?

Answer: Yes.

Question: If yes, where & when?

Answer: 1981

Similarly, Jackie McIlwain, a machinist hired on January 9, 1986, represented in his application dated January 7, 1986 that he had applied for a job with the defendant in 1983 at the Grenada plant. The information provided by both applicants is incorrect in that the defendant did not purchase the Grenada plant until July 1, 1985 and that Rockwell owned and operated the plant in 1981 and 1983. In an application dated April 8, 1986, Tony Crouch made the following representation:

Question: Were you ever employed by this company?

Answer: Yes.

Question: If yes, where & when?

Answer: Pack Dept. 6/84–7/84

However, the employment history in his application reflects his job as an inspector in the pack department at Rockwell from June, 1984 to July, 1984. Phillip Blount's application dated June 24, 1986 contains the following typographical error:

Military Service: Yes

Dates: From July 1982 to August 1981

### III. Title VII

The plaintiff alleges unlawful racial discrimination in the hiring practices of the defendant, an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b). The Title VII cause of action is based on the defendant's alleged disparate treatment of similarly situated white applicants in refusing to hire the plaintiff while hiring several white machinists. The defendant concedes that the plaintiff might arguably be able to prove a prima facie case at trial.

In order to prevail in a Title VII action, the plaintiff must initially prove a prima facie case by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). In the Title VII context, the phrase "prima facie case" denotes "the establishment of a legally mandatory, rebuttable presumption." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 n. 7, 101 S.Ct. 1089, 1094 n. 7, 67 L.Ed.2d 207 (1981). The plaintiff is required to show the following:

that he (1) belongs to a racial minority, (2) applied and was qualified for a vacant position the employer was attempting to fill, (3) was rejected for the position, and (4) after his rejection, the position remained open and the employer continued to seek applicants of the plaintiff's qualifications.

*Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 875, 104 S.Ct. 2794, 2799, 81 L.Ed.2d 718, 727 (1984) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824). Since it is undisputed that the plaintiff was qualified for the machinist position, the court finds that the plaintiff has established a prima facie case justifying an inference of racial discrimination.

The defendant has the burden to rebut the presumption of unlawful discrimination by showing a "legitimate, nondiscriminatory reason" for denying the plaintiff employment. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. The Supreme Court has held that "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons." *Id.* The court finds that the defendant rebuts the presumption in having asserted misrepresentations in the plaintiff's application and the non-reemployment recommendation of the plaintiff's previous employer as its reasons for refusing to hire the plaintiff.

Since the plaintiff has the ultimate burden to prove intentional discrimination under Title VII, the plaintiff must prove that the defendant's articulated reasons are pretexts. *Id.* at 256, 101 S.Ct. at 1095. The Fifth Circuit has stated that:

The plaintiff succeeds in demonstrating that defendant's proffered reason was not the true reason for [the plaintiff's] discharge 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'

*Redditt v. Mississippi Extended Care Center, Inc.*, 718 F.2d 1381, 1385 (5th Cir.1983) (quoting *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095). The plaintiff contends that

the defendant's proffered reason of falsehoods in the plaintiff's job application is not credible since four white applicants who also made false statements were hired as machinists by the defendant. The defendant argues that the machinists hired by the defendant are not similarly situated white applicants in that their applications contain mere errors, as distinguished from material falsehoods found in the plaintiff's application. The court finds that the typographical error in Blount's application and the other applicants' apparent references to the defendant's predecessor did not mislead the defendant. On the other hand, it appears that the plaintiff's misrepresentations regarding his employment period with Rockwell and termination thereof were misleading and material to the defendant's employment decision. Thus, the plaintiff and non-minority applicants who were hired were not similarly situated.

The plaintiff contends that the defendant's proffered reason of Rockwell's non-reemployment recommendation is invalid on the grounds that the recommendation pertained to the plaintiff's future employment with Rockwell, an employer separate and distinct from the defendant. Citing no authority, the plaintiff argues that the defendant cannot legitimately rely on another employer's recommendation. On the contrary, employers regularly consider recommendations of an applicant's previous employers in making their hiring decisions. Thus, the court rejects the plaintiff's argument.

The ultimate question for the court's consideration is whether the defendant's refusal to hire the plaintiff was based on race. *See United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). The plaintiff submits the statistic of twenty white machinists and only one black machinist employed at the defendant's Grenada plant in February, 1986, thereby suggesting that the machinists employed by the defendant do not reflect the percentage of black residents in the Grenada area population. Such evidence is meaningless without a comparison to a pool of qualified applicants. *See Pouncy v. Prudential In-*

surance Co., 668 F.2d 795, 803 (5th Cir. 1982) (statistical evidence must show "the required comparison to a qualified pool of employees presumptively eligible for promotion"), *quoted in Lewis v. N.L.R.B.,* 750 F.2d 1266, 1275 (5th Cir.1985).

The plaintiff has the burden of proving that the defendant intentionally discriminated against the plaintiff on the basis of race. *See Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. In his deposition the plaintiff testified that no representative of the defendant told him that he was not going to be hired because he is black. He also testified that he had not interviewed any witnesses and had no intention of calling any witnesses at trial other than himself. The plaintiff objects to the submission of his deposition on the grounds that there was no opportunity for cross-examination since he is pro se and that he neither waived the signing nor was given an opportunity to examine the deposition under Rule 30 of the Federal Rules of Civil Procedure. However, the plaintiff does not state any desired changes to the deposition excerpts submitted by the defendant and specifically does not assert that the defendant at any time discussed his race. With regard to the plaintiff's trial witnesses, the plaintiff lists only himself in the pretrial order, reserving the right to call the defendant's witnesses. Therefore, the court rejects the plaintiff's argument opposing the use of his deposition. Even without the plaintiff's deposition, the court finds no evidence of pretext.

■ The burden of the party moving for summary judgment may be discharged by showing an absence of evidence to support the nonmovant's case. *Celotex Corporation v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986). The court finds that there is no evidence from which the court can reasonably conclude that the defendant intended to discriminate against the plaintiff on the basis of race. *See Elliott v. Group Medical & Surgical Service,* 714 F.2d 556, 562 (5th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984). Although the evidence before the court estab-

lishes a prima facie case under Title VII, the plaintiff's mere allegation of the defendant's unlawful hiring practices is insufficient to avoid summary judgment. *See Slaughter v. Allstate Insurance Co.*, 803 F.2d 857, 860–61 (5th Cir.1986) (action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, in which the plaintiff's dishonest act was held "sufficient to warrant his discharge absent use of the incident as a pretext to cloak discrimination").

## IV. Conclusion

In light of the foregoing, the court finds that there are no genuine issues of material fact and that the motion for summary judgment should be granted.