Fred SALDANA, Plaintiff,

v.

CITY OF CHICAGO, a Municipal Corporation, Defendant.

No. 97 C 1991.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 21, 1997.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**455**

Irwin D. Rozner, Des Plains, IL, for Plaintiff.

Catherine Mullen Hennessy, Barbara Louise Anderson, City of Chicago, Law Dept., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This cause is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

The motion is granted in part and denied in part.

Plaintiff is directed to file another amended complaint consistent with this opinion.[1]

### I. BACKGROUND

Plaintiff Fred Saldana—a Hispanic male—was employed with defendant City of Chicago's Department of Aviation ("the City"). He worked as an electrician at O'Hare Airport for approximately nine years.

Saldana's complaint alleges that he was consistently passed over for promotion due to his Hispanic national origin. He claims that throughout his employment he was treated differently than non-Hispanic employees; for example, he was consistently denied promotions. Saldana's complaint also alleges that when he complained of the disparate treatment, the City retaliated by firing him.

Accordingly, Saldana initiates this two-count action premised on violations of Title VII, 42 U.S.C. § 2000e et seq. Count I is a disparate treatment claim; count II is a retaliation claim. The City seeks to dismiss both counts of the complaint for various reasons.

### II. MOTION TO DISMISS— LEGAL STANDARD

In ruling on a motion to dismiss, the court "must accept well pleaded allegations of the complaint as true. In addition, the court

must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Dismissal is not granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### III. DISCUSSION

The City offers numerous arguments attacking the two counts of Saldana's complaint. The court will address each argument in turn.

#### A. Timeliness of EEOC Charge

■ In Illinois, an individual complaining of discriminatory treatment must file a complaint within 300 days of the alleged discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(e); *Koelsch v. Beltone Elec. Corp.,* 46 F.3d 705, 707 (7th Cir.1995). "Failure to do so renders the complaint untimely." *Koelsch,* 46 F.3d at 707.

■ We know—based on the allegations in the complaint—that Saldana was terminated on July 24, 1996. We also know that the EEOC charge was filed on September 9, 1996.[2] Thus, Saldana's alleged discriminatory termination is timely.

Saldana, however, also complains of not being promoted on several occasions because

---

1. The court previously dismissed Saldana's complaint. This motion to dismiss pertains to his first amended complaint.

2. Saldana failed to attach the EEOC charge to his complaint. He did, however, attach it to his response to the City's motion to dismiss. Al-

though not attached to the complaint, the court may consider documents referred to in the complaint and central to the plaintiff's claim when ruling on a motion to dismiss. *See Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994).

of discriminatory treatment. The dates when he failed to be promoted are not alleged in the complaint. Because such dates could be beyond the 300 day filing period and thus untimely, the City wants to know when such allegedly discriminatory treatment occurred. Saldana responds that this matter involves a "continuing violation" regarding the discriminatory treatment; thus, he does not need to plead the dates when he was denied promotion.

■ The court, however, finds that Saldana's complaint does not contain sufficient allegations to establish the applicability of the continuing violation doctrine. "The continuing violation doctrine allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period." *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir.1992). The court will treat "such a combination as one continuous act that ends within the limitations period." *Id.* Thus, assuming Saldana can rely on the continuing violation doctrine, the fact that he may have been denied promotions for discriminatory reasons beyond the 300 day filing period does not hurt his case.

■ Saldana, however, will need to establish the applicability of the doctrine. There are three ways to do that: (1) by showing that it was difficult to determine exactly when the discrimination took place because the employer's hiring or promotion decision was protracted; (2) by showing that the employer has an express, openly espoused policy that results in discrimination—the tolling of the 300 day period continues as long as the policy remains in place; or (3) by showing that the employer has a covert practice of discrimination, *i.e.,* a pattern of ongoing discrimination. *Selan,* 969 F.2d at 565.

■ The problem, however, is that Saldana's complaint does not really establish a factual basis for the applicability of the continuing violation doctrine. Indeed, it makes no mention of it. If a plaintiff intends to rely on the continuing violation doctrine, the court concludes that it must be pleaded in the complaint along with the factual basis supporting one of the three methods (discussed immediately above) for establishing the applicability of the doctrine. *See Egan v. Palos Community Hosp.,* 889 F.Supp. 331, 335–36 (N.D.Ill.1995) (analyzing complaint to see if a factual basis for invoking the continuing violation doctrine exists); *Shipbaugh v. Boys & Girls Clubs of America,* 883 F.Supp. 295, 297–98 (N.D.Ill.1995) (same). Accordingly, Saldana is directed to amend his complaint to provide a factual basis supporting the application of the continuing violation doctrine.[3]

## B. *Prima Facie Case of Discrimination*

■ Next, the City argues that Saldana's complaint fails to allege a *prima facie* case of discrimination because it does not plead the elements necessary to establish such a case under the indirect method of proof enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The court disagrees.

■ The *McDonnell Douglas* factors provide an analytical framework to determine whether a plaintiff created an inference of discrimination such that he can survive a motion for summary judgment or motion for judgment as a matter of law. In other words, it is utilized merely to aid the court in its determination of whether the case lacks merit (and should be dismissed) or should be judged by the factfinder. The ultimate issue (consistent with the facts of the instant case), however, is whether the same events com-

---

**3.** Saldana alleges that the City has a "Caucasian oriented patronage system." Thus, perhaps he is attempting to rely on the third method for establishing the applicability of the continuing violation doctrine. The court is uncertain as to whether Saldana is relying on the third method though because his response to the motion to dismiss fails to discuss the issue in any detail—he allocates two sentences to the issue. In fact, he does not use the allegation of a Caucasian oriented patronage system in support of an argument that the complaint contains allegations supporting the continuing violation doctrine. Thus, the court wants more facts to be pleaded in the complaint. For example, when did Saldana realize that the City operated under such a patronage system. If he realized it outside the 300 day period—which starts on September 9, 1996, and goes backward 300 days—he cannot now rely on it to establish a continuing violation. *See Jones v. Merchants Nat'l Bank & Trust Co.,* 42 F.3d 1054, 1058 (7th Cir.1994).

plained of—*i.e.*, termination and/or failure to promote—would have transpired if the plaintiff was non-Hispanic and everything else had been the same. *See Gehring v. Case Corp.*, 43 F.3d 340, 344 (7th Cir.1994), *cert. denied*, 515 U.S. 2612, 115 S.Ct. 2612, 132 L.Ed.2d 855 (1995).

■■■■ Thus, to say that a plaintiff must establish the elements enunciated in *McDonnell Douglas* to succeed on a discrimination claim is inaccurate. Indeed, the jury is not to be instructed as to those elements. *Gehring*, 43 F.3d at 343. He may need to establish such elements to get his case to the jury; but, to ultimately prevail, the plaintiff need only prove that but for his national origin, the adverse action would not have occurred. That is all that needs to be alleged in the complaint to state a violation of Title VII, *i.e.*, that plaintiff was terminated or denied promotion due to his national origin. *See Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir.1992) ("All the complaint need do to withstand a motion to dismiss for failure to state a claim is 'outline or adumbrate' a violation of the statute...."). Here, Saldana alleges that he was terminated and denied promotion because he is Hispanic. If true, that is a violation of Title VII; that's all that needs to be pleaded. *See Dormeyer v. Comerica Bank*, No. 96 C 4805, 1997 WL 403697 *4–5 (N.D.Ill. July 15, 1997) (rejecting argument that plaintiff must plead the *McDonnell Douglas* elements to withstand a motion to dismiss).

## C. *The EEOC Charge*

In Count I of the complaint, Saldana alleges, among other things, that he was discriminated against because the City has a Caucasian oriented patronage system in place. If this allegation is true, Saldana is essentially arguing that the City discriminates against all non-Caucasian individuals, *i.e.*, that it engages in class-wide[4] discrimination. In count II he alleges that he was terminated for asserting his rights under Title VII, *i.e.*, he was retaliated against for asserting such rights. The City argues both allegations are beyond the scope of the EEOC charge.

In response, Saldana states that with respect to count I he is not alleging class-wide or a pattern of discrimination. If he is not making such allegations, than that paragraph—paragraph 10—of the first amended complaint is to be stricken in the second amended complaint.

■■■■ Regarding the retaliation claim in count II, Saldana argues it is within the scope of the EEOC charge. The court thinks this is a close call, but it will allow the retaliation claim to proceed. As a general rule, "a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC." *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 (7th Cir.1995). The rule serves two purposes: (1) it affords the EEOC the opportunity to settle the dispute between the employee and employer and (2) it puts the employer on notice of the charges against it. *Id.* at 148.

■■■■ Nevertheless, because most EEOC charges are contemplated by laypersons rather than by lawyers, the plaintiff is granted considerable leeway—the plaintiff need not allege in the EEOC charge each and every fact that combines to form the basis of each claim in the complaint. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994). Specifically, to include a claim in the federal district court complaint that was not brought in the EEOC charge, the plaintiff must pass a two prong test: (1) the claim must be "like or reasonably related" to the allegations of the EEOC charge and (2) the claim reasonably could develop from the EEOC investigation. *Harper*, 45 F.3d at 148 (citing *Jenkins v. Blue Cross Mut. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976) *(en banc)* ).

■■■■ To determine if the claims in the complaint are "like or reasonably related" to the allegations in the EEOC charge—the first prong of the two-prong test—there must be a "factual relationship" between them. *Harper*, 45 F.3d at 148. To establish a "factual relationship," the allegations of the EEOC charge and the claims in the complaint "must, at minimum, describe the *same*

---

4. The class consisting of all non-Caucasian individuals.

458

*conduct* and implicate the *same individuals."* *Id.* (quoting *Cheek,* 31 F.3d at 501).

Here, the EEOC charge is very short and simple. It states that Saldana was "retaliated against" because of his origin. He also marks the retaliation box. After he states that he was retaliated because of his origin, the next line states that the City failed to promote him and terminated him because of his origin. In count II, he alleges that he was retaliated against for demanding his rights under Title VII.

The court stresses that this is a close call, but because Saldana (and the person drafting the charge) is not a lawyer and considerable leeway is granted to such individuals, the court will not dismiss count II. First, the retaliation claim is "like or reasonably related" to the allegations in the EEOC charge since the charge alleges that he was retaliated against and the retaliation box is checked. True, the specific factual basis supporting the retaliation claim alleged in the complaint is not alleged in the charge. But, certainly, the factual basis for the retaliation claim could reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. Accordingly, count II remains in this action.

### D. *Prima Facie Case of Retaliation*

Finally, the City argues that the retaliation claim should be dismissed because Saldana failed to plead a *prima facie* case.

The court disagrees.

This argument is similar to the City's argument regarding Saldana's *prima facie* case of discrimination discussed in part "B" of the "Discussion" section of this opinion—it relies on the *McDonnell Douglas* method of establishing a *prima facie* case. As noted, the *McDonnell Douglas* method is inapplicable when analyzing a complaint to determine if the plaintiff pleaded a violation of Title VII.

### IV. *CONCLUSION*

Defendant's motion to dismiss is granted in part and denied in part. Plaintiff is given leave to file a Second Amended Complaint within ten (10) days. Defendant is given ten

(10) days thereafter to answer or otherwise plead.