**Joseph TOGBA, Plaintiff,**

**v.**

**COUNTY OF COOK & HERBERT HAMAKO, Defendants.**

**No. 98 C 5756.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 27, 1999.

tion she can testify to knowingly is the conversation between Mr. Webb and her aunt.

(Pl. Dep. at 66).

Scott Jay Frankel, Frankel & Cohen, Chicago, IL, for Plaintiff.

Anne L. Asulin, Cook County State's Attorney, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants' motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants in part and denies in part the motion.

## I. BACKGROUND

Plaintiff's first amended complaint makes the following allegations which, for the purposes of ruling on this motion, are taken as true. On March 14, 1971, plaintiff Joseph Togba ("Togba"), who is African American, was hired by Cook County Hospital ("the Hospital"). On March 14, 1994,[1] Togba became Acting Supervisor of the Pediatric Lab. Prior to becoming Acting Supervisor, Togba was classified and compensated as a Biochemist II/grade 16.

On May 2, 1994, Togba was given full and complete responsibilities as Supervisor of the Pediatric Lab ("Supervisor"). Togba replaced a non-African-American employee, who was classified and compensated as the equivalent of a Biochemist III/grade 18 or Medical Technologist III/grade 18 or higher. Prior to May 2, 1994 and continuing on several occasions thereafter, defendant Associate Director Herbert Hamako ("Hamako") told Togba that after assuming and performing responsibilities as Supervisor, Togba would be classified and compensated as a Biochemist III/grade 18 or Medical Technologist III/grade 18. From May 2, 1994 and continuing until April 28, 1997, Togba continued to be compensated as a Biochemist II/grade 16 even though he was performing the supervisory work usually performed by non-African-American employees classified and compensated as a Biochemist III/grade 18 or Medical Technologist III/grade 18.

On April 28, 1997, Hamako demoted and reassigned Togba from his position as Supervisor to a position in the Consolidated STAT Division. Togba was replaced as Supervisor by a non-African-American employee who was classified and compensated as a Biochemist III/grade 18 or Medical Technologist grade 18 or higher. Hamako reassigned Togba pursuant to a hospital policy that laboratory supervisors are not to remain in their assigned laboratory location for more than five years. However, Hamako has not transferred other non-African-American laboratory supervisors even though they worked for five years in the same location.

On May 13, 1997, Togba filed a charge of discrimination with the Illinois Department of Human Rights ("the IDHR") and the Equal Employment Opportunity Commission ("the EEOC"). At that time, Togba also asked the Hospital Director, Ruth Rothstein ("Rothstein"), to consider giving him back his job as Supervisor and to classify him as a Biochemist III/grade 18 or its equivalent. Hamako wrote Rothstein a letter, recommending that she not have any discussions with Togba until after his charge of discrimination was resolved. Pursuant to this recommendation, Rothstein and Togba did not discuss the job actions requested by Togba. On Sep-

1. The amended complaint alleges that the year was 1996 (Am.Compl.¶ 13); however, Exhibit C of the amended complaint makes it clear that the year was 1994.

tember 17, 1997, Togba filed a new charge of discrimination and withdrew his old one.

On March 10, 1998, Togba asked John Stroger ("Stroger"), the President of the Cook County Board, to consider giving Togba back his job as Supervisor and classifying him as a Biochemist III/grade 18. Stroger wrote Togba a letter, stating that it would be inappropriate for him to take any action because Togba had a complaint pending with the IDHR and EEOC.

Since his demotion and reassignment on April 28, 1997, Togba has applied for various promotions, including a March 30, 1998 application for a promotion to a position as a Biochemist III. Togba has been denied all of the promotions for which he applied.

On June 19, 1998, Togba received his right-to-sue letter. On September 15, 1998, Togba filed a complaint in this court, which he subsequently amended on February 1, 1999. Togba's amended complaint names the County of Cook ("the County") and Hamako as defendants and contains two counts. Count I alleges that the County has violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, (1) by discriminating against Togba on the basis of his race by refusing to compensate or classify him as a Biochemist III/grade 18 and by demoting and transferring him and (2) by retaliating against him for filing a charge of discrimination by refusing to allow its officials to meet with him or consider helping him get his job back and by refusing to promote him to positions for which he applied. Count II alleges that Hamako has violated 42 U.S.C. § 1981 (" § 1981") (1) by refusing to classify or compensate Togba as a Biochemist III/grade 18 or Medical Technologist III/grade 18 and by demoting and transferring him because of his race and (2) by retaliating against Togba for filing a charge of discrimination by causing County officials not to meet with Togba and by denying Togba's requests for promotions. This court has subject matter jurisdiction over the case pursuant to 42 U.S.C.

§ 2000e–3(a) and 28 U.S.C. §§ 1331 and 1343(a).

On February 22, 1999, the County and Hamako jointly filed a motion to dismiss Togba's first amended complaint. Defendants argue that Togba's first amended complaint should be dismissed because (1) many of the actions of which Togba complains fall outside the statute of limitations applicable to Title VII and § 1981 actions and (2) the complaint fails to state a claim for violations of either Title VII or § 1981. The court addresses each of these arguments in turn.

## II. DISCUSSION

### A. Standard for deciding a Rule 12(b)(6) motion to dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. Time-barred claims

In his amended complaint, Togba alleges that from May 2, 1994 until April 28, 1997, defendants discriminated against him on the basis of his race by refusing to classify or compensate him as a Biochemist III/grade 18 or Medical Technologist III/grade 18. Defendants argue that this claim must be dismissed insofar as it is based on actions that took place outside of

the statute of limitations applicable to Title VII and § 1981 actions.[2]

Togba does not dispute that his claim is based on alleged discriminatory acts that took place outside the applicable statute of limitations. *See Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir.1997) (explaining that the statute of limitations for filing a Title VII charge with the EEOC is 300 days); *Jones v. Citibank, F.S.B.*, 844 F.Supp. 437, 439 (N.D.Ill.1994) (explaining that § 1981 actions are governed by a two-year statute of limitations). Togba, however, argues that his claims based on those alleged discriminatory acts are not barred because those acts were part of a continuing violation.

The continuing violation doctrine allows a plaintiff to seek relief for a time-barred act by linking it with an act that is within the limitations period. *See Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir.1992). The continuing violation doctrine "is designed to 'accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period, so that all discriminatory acts committed as part of this pattern or policy can be considered ... timely.'" *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir.1999) (quoting Ramona L. Paetzold & Ann M. O'Leary–Kelly, *Continuing Violations and Hostile Environment Sexual Harassment: When Is Enough Enough?*, 31 AM. BUS. L.J. 365 (1993)). "A continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Dasgupta v. University of Wis. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir.1997).

There are three different ways that the plaintiff may show that the continuing violation doctrine applies: (1) by showing that it was difficult to determine exactly when the discrimination took place because the employer's hiring or promotion practice was protracted; (2) by showing that the employer has an express, openly espoused policy that results in discrimination; or (3) by showing that the employer has a covert practice of discrimination, i.e., an ongoing pattern of discrimination. *Saldana v. City of Chicago*, 972 F.Supp. 453, 455 (N.D.Ill.1997). "If a plaintiff intends to rely on the continuing violation doctrine, ... it must be pleaded in the complaint along with the factual basis supporting one of the three methods (discussed immediately above) for establishing the applicability of the doctrine." *Id.; see also Payne v. Abbott Labs.*, 999 F.Supp. 1145, 1150 (N.D.Ill.1998).

In this case, Togba's amended complaint makes no mention of the continuing violation doctrine. Moreover, Togba does not allege in the amended complaint a factual basis for the applicability of the continuing violation doctrine. Accordingly, the court dismisses Togba's Title VII and § 1981 claims insofar as those claims are based on alleged violations that took place outside the applicable limitations period. However, in the event that Togba can amend his complaint to provide a factual basis supporting the application of the continuing violation doctrine, the court will grant Togba leave to amend his complaint.

## C. *Togba's Title VII claims against the County*

Count I contains Title VII claims against the County. Togba has alleged two different types of Title VII claims: (1)

---

**2.** With respect to Togba's Title VII claim, defendants argue that it cannot be based on any alleged acts of discrimination which took place before November 21, 1996, which is 300 days before the date on which Togba filed his charge of discrimination with the IDHR and EEOC. With respect to Togba's § 1981 claim, defendants argue that it cannot be based on any alleged discriminatory acts that took place before September 15, 1996, which is two years before Togba filed suit in this court.

disparate treatment claims and (2) retaliation claims. ·Defendants argue that the amended complaint fails to state either a disparate treatment or retaliation claim. The court addresses each of Togba's Title VII claims separately.

### 1. Togba's disparate treatment claims

Togba alleges that the County discriminated against him on the basis of race (1) by not promoting or compensating him as a Biochemist III/grade 18 or Medical Technologist III/grade 18 and (2) by demoting and transferring him from his position as Supervisor to ·a position in the Consolidated STAT Division. Defendants argue that Togba has failed to plead facts sufficient to establish a prima facie case of intentional discrimination under the indirect burden shifting method of proof enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Specifically, defendants argue that Togba has failed to plead facts sufficient to show that (1) he suffered an adverse employment action and (2) the Hospital treated similarly situated non-African-American employees better.

■ Contrary to defendants' assertions, the court finds that Togba has sufficiently alleged a Title VII claim for disparate treatment. First, Togba has alleged that the County discriminated against him by not promoting or compensating him as a Biochemist III/grade 18 or Medical Technologist III/grade 18 because he was African American. In support of this allegation, Togba alleges that he was compensated as a Biochemist II/grade 16 even though he was performing the supervisory work usually performed by non-African-American employees who were classified and compensated as a Biochemist III/grade 18 or Medical Technologist III/grade 18. Such allegations are sufficient to state a Title VII claim. *Saldana*, 972 F.Supp. at 457 (holding that all that needs to be alleged in the complaint to state a Title VII intentional discrimination claim is that the plaintiff suffered an adverse employment action because of his or her membership in a protected group).

■ Togba also alleges that the County discriminated against him by demoting and transferring him from his position as Supervisor to a position in the Consolidated STAT Division. In support of this allegation, Togba alleges that other non-African-American laboratory supervisors were not demoted or transferred even though they worked for five years in the same location. Such allegations are sufficient to state a Title VII claim.

In sum, the court finds that Togba has sufficiently alleged that the County discriminated against him on the basis of race in violation of Title VII. Accordingly, the court denies defendants' motion to dismiss these claims insofar as these claims are based on conduct that occurred within the statute of limitations applicable to Title VII claims. *See infra* Part II.B (dismissing Togba's Title VII claims insofar as those claims are based on conduct that occurred outside the statute of limitations applicable to Title VII claims).

### 2. Togba's retaliation claims

Togba alleges that the County violated Title VII by retaliating against him for filing a charge of discrimination with the EEOC and IDHR. Specifically, Togba alleges that the County retaliated against him (1) by refusing to allow its officials to meet with or consider helping him get back his position as Supervisor and (2) by denying his request for a promotion to a position as a Biochemist III/grade 18 for which he applied.

Title VII's "retaliation provision" makes it unlawful, *inter alia,* for an employer to discriminate against an employee because the employee has filed a charge of discrimination with the EEOC or IDHR. 42 U.S.C. § 2000e–3(a). To state a Title VII claim for retaliation, the plaintiff must allege that (1) he engaged in a statutorily

protected expression; (2) he suffered an adverse employment action; and (3) a causal link exists between the protected expression and the adverse action. *Adusumilli v. Discover Fin. Servs.*, No. 98 C 6129, 1999 WL 286289, at *5 (N.D.Ill. Apr.19, 1999); *see also McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir.1996).

■■■ Title VII's retaliation provision does not specify what conduct constitutes "retaliation" and what conduct does not. *Sweeney v. West*, 149 F.3d 550, 556 (7th Cir.1998). Noting this problem, in *Sweeney*, the Seventh Circuit attempted to provide guidance as to what type of conduct will give rise to a Title VII retaliation claim. *Id.* Generally, the conduct must be one that is "an adverse employment action." *Id.; Knox v. State of Ind.*, 93 F.3d 1327, 1334 (7th Cir.1996). Differences in treatment that have "little or no effect on an employee's job" and changes in terms and conditions of employment that are nothing more than "a mere inconvenience or alteration of job responsibilities" do not give rise to a Title VII retaliation claim. *Sweeney*, 149 F.3d at 556. Rather, the conduct of which the plaintiff complains must have some "tangible job consequence." *Id.*

Although the retaliation provision does not provide a "laundry list" of that conduct which constitutes retaliation, case law tells that the following conduct does amount to retaliation: a termination of employment; a demotion evidenced by a decrease in wage or salary; a less distinguished title; a material loss of benefits; significantly diminished material responsibilities; and a transfer to a new department with a loss of nonquantifiable benefits such as one's own office, business cards, and listings in professional directories. *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir.1993); *Collins v. State of Ill.*, 830 F.2d 692, 703 (7th Cir.1987). In addition, "under the proper circumstances, an employer who orders other employees not to talk to a Title VII claimant could indeed retaliate against that claimant by, in effect,

ordering others to shun her." *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 485 (7th Cir.1996).

Defendants argue that Togba's retaliation claims must be dismissed because Togba has failed to allege that (1) he suffered an adverse employment action and/or (2) there is a causal connection between Togba's filing of a charge of discrimination and the alleged adverse employment action. The court addresses each of Togba's two retaliation claims in turn.

### a. Stroger's and Rothstein's alleged refusal to meet with Togba

Togba's first retaliation claim is based on his allegation that the County retaliated against him by refusing to allow its officials to meet with or consider helping Togba get back his position as Supervisor or to compensate or classify him as a Biochemist III/grade 18 or Medical Technologist III/grade 18. With respect to this claim, defendants concede that Togba has sufficiently alleged a causal connection between his filing of a discrimination charge and the County's alleged refusal to allow its officials to meet with Togba. Defendants, however, argue that the County's alleged refusal to allow its officials to meet with Togba does not constitute an adverse employment action. Togba argues that this conduct constitutes an adverse employment action because Stroger and Rothstein "might have met with [Togba] and considered his requests had he not filed such a charge." (Pl.'s Resp. Br. at 12.)

■■■ The court finds that this conduct does not constitute an "adverse employment action" and, thus, cannot be a basis for a retaliation claim by Togba. Rothstein's and Stroger's alleged refusal to meet with Togba did not change the terms or conditions of his employment. Moreover, Rothstein and Stroger did not refuse to talk to Togba completely; they only refused to talk to Togba about the subject

matter of his pending discrimination charges. Further, they did not refuse to talk to him about these matters forever but only while the charges were pending. Considering that Stroger and Rothstein were high ranking County officials, their refusal to talk to Togba about the subject matter of the pending charges was appropriate and not "retaliation" as that term is contemplated in Title VII. Togba has not alleged any facts which would allow this court to find that Stroger's and Rothstein's conduct was inappropriate or discriminatory in any way. Accordingly, the court grants defendants' motion to dismiss Togba's Title VII claim that the County retaliated against him by not allowing its officials to meet with or consider helping him get his job back and or classify and compensate him as a Biochemist III/grade 18.

### b. The County's denial of Togba's application for a promotion

Togba's second Title VII retaliation claim is based on his allegation that the County retaliated against him by denying his request for a promotion to a position as a Biochemist III/grade 18 for which he applied. Defendants argue that this claim must be dismissed because (1) the denial of a promotion does not affect the terms and conditions of Togba's job and (2) Togba has failed to allege a causal link between his filing of a discrimination charge and the denial of the promotion.

 Contrary to defendants' arguments, the court finds that Togba has sufficiently alleged a Title VII retaliation claim based on the denial of his application for a promotion. First, it is well established that a denial of a promotion is an adverse employment action. *Cullom v. Brown*, 27 F.Supp.2d 1089, 1095 (N.D.Ill. 1998) (citing *Williams v. Pharmacia*, 137 F.3d 944, 948 (7th Cir.1998)). Second, although tenuous, Togba has included sufficient allegations of a causal link. *See*

*Saldana*, 972 F.Supp. at 458. Togba has alleged that (1) Hospital officials knew that he had filed a charge of discrimination and (2) they refused to promote him because he had filed that charge of discrimination. The court finds that these allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss. Whether Togba can prove this causal connection is an issue to be addressed later in the litigation. Thus, the court denies defendants' motion to dismiss Togba's claim that the County retaliated against him by denying his application for a promotion.

### D. *Togba's § 1981 claims against Hamako*

Count II contains four § 1981 claims against Hamako. Specifically, Togba alleges that Hamako has violated § 1981(1) by refusing to classify or compensate Togba as a Biochemist III/grade 18 or Medical Technologist III/grade 18;[3] (2) by demoting and transferring Togba because of his race; (3) by retaliating against Togba for filing a charge of discrimination by causing County officials not to meet with Togba; and (4) by retaliating against Togba for filing a charge of discrimination by denying Togba's request for a promotion.

Section 1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Section 1981(b) defines the phrase "make and enforce contracts" in subsection (a) as including the "making, performance, modification, and

---

**3.** Insofar as this claim is based on conduct that occurred outside the two-year statute of limitations applicable to Togba's § 1981

claims, the claim has been dismissed. *See supra* Part II.B.

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

To state a § 1981 claim, the plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the defendant's discrimination concerned an activity enumerated in the statute. *Huff v. Sheahan,* No. 97 C 4568, 1999 WL 182149, at *4 (N.D.Ill. Mar.24, 1999). Individual liability under § 1981 can be found only where the individual himself has participated in the alleged discrimination against the plaintiff. *Behnia v. Shapiro,* 961 F.Supp. 1234, 1237 (N.D.Ill.1997); *Daulo v. Commonwealth Edison,* 892 F.Supp. 1088, 1091 (N.D.Ill.1995); *see also Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir.1985).

Defendants make a number of arguments as to why each of Togba's § 1981 claims must be dismissed. The court addresses each of Togba's § 1981 claims in turn.

### 1. Failure to classify and compensate Togba as a Biochemist III/grade 18

Togba's first § 1981 claim is that Hamako violated § 1981 by refusing to classify or compensate Togba as a Biochemist III/grade 18 or Medical Technologist III/grade 18. Defendants argue that this claim should be dismissed because, *inter alia,* Togba has failed to allege facts that would allow Hamako to be held individually liable for this discrimination.

 In this case, there are no allegations that show that Hamako personally participated in the Hospital's decision not to classify or compensate Togba as a Biochemist III/grade 18. Togba argues that the allegations that Hamako (1) was Administrative Director of the Department of Laboratories, (2) had the power to remove Togba from his position as Supervisor, and (3) told Togba that he would be classified

and compensated as a Biochemist III/grade 18 are sufficient to show that Togba's compensation was within Hamako's control. (Pl.'s Resp. Br. at 14.) The court disagrees. Those allegations show only that Hamako was the individual in the Hospital hierarchy responsible for communicating personnel decisions to Togba. They do not show that Hamako participated in the decision-making process with respect to the decision not to classify or compensate Togba as a Biochemist III/grade 18.

Because Togba has failed to allege sufficiently that Hamako personally participated in the decision not to classify or compensate Togba as a Biochemist III/grade 18, the court grants defendants' motion to dismiss this claim. However, because it may be possible for Togba to amend the complaint to cure this deficiency, the court grants Togba leave to amend this claim.

### 2. Hamako's demotion and reassignment of Togba

Togba's second § 1981 claim is that Hamako violated § 1981 by demoting and transferring Togba because of his race. Defendants argue that this claim should be dismissed for the same reasons that they gave for dismissing the Title VII claim against the County based on the same conduct.

For the reasons given above, the court found that Togba has sufficiently alleged that defendants discriminated against him on the basis of race by demoting and reassigning him. *See supra* Part II.C.1. In addition, Togba has alleged that Hamako is the individual who demoted and reassigned Togba; thus, Togba has alleged that Hamako personally participated in the alleged discrimination. Accordingly, the court denies defendants' motion to dismiss this claim.

### 3. Stroger's and Rothstein's refusal to meet with Togba

Togba's third § 1981 claim is that Hamako violated § 1981 by retaliating

against Togba for filing a charge of discrimination by causing County officials not to meet with Togba. Defendants argue that this claim should be dismissed because (1) Stroger's and Rothstein's refusal to meet with Togba was not discriminatory and (2) Togba has not sufficiently alleged that Hamako caused Stroger not to meet with Togba.[4]

■■■ The court agrees with defendants that˙ this claim should be dismissed because Stroger's and Rothstein's alleged refusal to meet with Togba was not discriminatory. In order to state a § 1981 claim, the plaintiff must allege that the defendant took some type of discriminatory action. Allegations that Stroger and Rothstein, two high ranking County officials, refused to meet with Togba about the subject matter of his charge of discrimination while his charge of discrimination was pending are not sufficient to allege a discriminatory action. *See supra* Part II.C.2.a (explaining that Stroger's and Rothstein's refusal to meet Togba did not constitute an adverse employment action); *see also Hardin*, 167 F.3d at 347 n. 2 ("In analyzing § 1981 claims, we apply the same standards as in Title VII claims."). Accordingly, the court grants defendants' motion to dismiss this claim.

**4. Failure to promote to Biochemist III/grade 18**

Togba's fourth and final § 1981 claim is that Hamako retaliated against Togba for filing a charge of discrimination by denying Togba's request for a promotion to a position as a Biochemist III/grade 18. Defendants argue that this claim should be dismissed because Togba has failed to allege that Hamako personally participated in the decision not to promote Togba.

The court agrees with defendants. As previously explained, in order for Togba to state a § 1981 retaliation claim against Hamako for failure to promote, Togba must allege that Hamako was personally involved in the discriminatory action. In this case, there are no allegations that allow the court to infer that Hamako was involved in the decision-making process with regard to the decision not to promote Togba. Accordingly, the court grants defendants' motion to dismiss this claim. As with other of his claims, however, Togba may be able to amend this claim to cure the deficiency identified. Accordingly, the court grants Togba leave to amend this claim.[5]

**III. CONCLUSION**

For the foregoing reasons, the court grants in part and denies in part defendants' motion to dismiss Togba's first amended complaint. The motion is granted as to (1) all claims based on conduct that occurred outside the statute of limitations applicable to Togba's Title VII and § 1981 claims; (2) Togba's Title VII claim that the County retaliated against him by refusing to allow its officials to meet with or consider helping him; (3) Togba's § 1981 claim that Hamako discriminated against him by not compensating or classifying him as a Biochemist III/grade 18; (4) Togba's § 1981 claim that Hamako retaliated against him by causing County officials not to meet with Togba; and (5) Togba's § 1981 claim that Hamako retaliated against him by not promoting him. The motion is denied as to all other claims.

---

'4. The parties seem to assume that Togba's retaliation claims are actionable under § 1981. The court has strong doubts as to whether this is true. *See Daniels v. Pipefitters' Ass'n Local Union No. 597*, 945 F.2d 906, 917–19 (7th Cir.1991); *McKnight v. GM Corp.*, 908 F.2d 104, 111 (7th Cir.1990); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312–13 (7th Cir.1989); *Perez v. Abbott Labs.*, No. 94 C 4127, 1995 WL 86716, at *6–8 (N.D.Ill.

Feb.27, 1995); *Daulo*, 892 F.Supp. at 1092. However, because defendants have not argued that Togba's retaliation claims are not actionable under § 1981, the court will not address this issue.

5. The commentary in note 2 applies equally to this § 1981 retaliation claim.

Togba is given until June 15, 1999 to file a second amended complaint consistent with this order. The second amended complaint should delete those claims which the court has dismissed and should only replead those claims that include additional allegations that will cure the deficiencies identified by the court. Defendants are given until July 7, 1999 to answer or otherwise plead to Togba's second amended complaint. The parties are ordered to appear for a status hearing on July 8, 1999 at 9:30 a.m.