**Carl HAMILTON, Plaintiff,**

v.

**Lawrence SUMMERS, Secretary, U.S. Department of the Treasury, MSM Secretary Services Inc., a Maryland Corporation, Defendants.**

**No. 99 C 6701.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 18, 2000.

Arnim Johnson, Jr., Chicago, IL, for Plaintiff/Petitioner.

Preston L. Pugh, Assistant. United States Attorney, United States Attorney's Office, Chicago, IL, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Lawrence Summers' ("the Government") motion to dismiss plaintiff Carl Hamilton's complaint. For the reasons that follow, the court denies in part and grants in part the defendant's motion to dismiss.

## I. BACKGROUND

The complaint alleges the following facts which, for the purpose of ruling on this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct.

2229, 81 L.Ed.2d 59 (1984). Plaintiff Carl Hamilton ("Hamilton") is a black male who in June of 1997 applied for the position of Customs Inspector Student Trainee with the United States Customs Service ("the Customs Service"). On June 6, 1997, the Customs Service. offered the position to Hamilton. At this time, however, the Customs Service informed Hamilton that the position was contingent upon Hamilton's satisfactory completion of all necessary pre-employment requirements, including a background investigation.

Harry Heckert ("Heckert"), a contract investigator with MSM Security Services, Incorporated ("MSM"),[1] conducted the background investigation for the Customs Service. On July 30, 1997, the Customs Service, based upon MSM's recommendation, issued a Notice of Proposed Action/Unsuitable for Employment Determination ("Notice"). `This Notice alleged that Hamilton: (1) had falsely stated that Inland Residential Sales, a previous employer, had not terminated his employment; (2) made false statements regarding his police record; (3) made false statements regarding being taken into custody; and (4) falsified his financial statement. On August 7, 1997, Hamilton responded to this Notice.

On November 6, 1997, the Customs Service rescinded its tentative offer of employment because (1) Hamilton had falsified his application; (2) he made false statements during a personal interview; (3) he was financially irresponsible; and (4) questions existed as to his honesty and integrity. According to Hamilton, due to this recission of employment, he has suffered and continues to suffer severe emotional distress, mental anguish and humiliation.

Hamilton filed an "Individual Complaint of Employment Discrimination with the Department of Treasury" ("Department of Treasury Complaint") on December 3,

---

1. On February 8, 2000, MSM Security Services, Incorporated, incorrectly named MSM Secretary Services, Incorporated, was voluntarily dismissed with prejudice.

1997.[2] In his Department of Treasury Complaint, Hamilton alleges that, because of his race, the Customs Service treated him differently than other applicants. (Def.'s Ex. B.) The Department of Treasury responded to Hamilton's Department of Treasury Complaint on December 16, 1997.[3] This response informed Hamilton that the Department of Treasury accepted Hamilton's Department of Treasury Complaint for processing under the regulations of the Equal Employment Opportunity Commission ("EEOC") and summarized the issues Hamilton set forth. These issues were:

Whether Complainant was discriminated against because of his race (Black) when the following occurred:

1) On or around November 6, 1997[,] he learned that the Agency had rescinded its tentative offer of employment for the position of Student Trainee (Inspector), GS–1899–03, based on his background investigation results; and

2) During the background investigation, Complainant alleges the background investigator:

a) examined the contents of his medicine cabinet while in the bathroom;

b) asked a female reference if she and Complainant had ever had a sexual relationship; and

c) asked a male reference how much "street" Complainant has in him.

(Id.) The Department of Treasury also informed Hamilton that if he disagreed with the summary of the issues, he should notify the Department of Treasury within five days.

On May 12, 1999, the EEOC issued a "Statement of Findings and Recommended Decision" ("EEOC Decision").[4] (Def.'s Ex. A.) In the EEOC Decision, the Administrative Judge found that the record contained "no evidence that the background investigation was conducted in a racially discriminatory manner or that the Complainant's race was a factor in the Agency's decision to rescind its employment offer." (Id. at 12.) This decision became final on July 15, 1999. (Pl.'s Ex. A.)

Hamilton filed his complaint with this court on October 13, 1999. His complaint alleges that the Government, specifically the United States Customs Service (1) "has given employment to similarly situated white persons whose 'honesty and integrity' and 'financial responsibility' were far more impugned" than his, (Pl.'s Compl. at ¶ 18.), and (2) "has a history of discriminatory patterns and practices toward persons of color, and continues to systematically discriminate against persons of color in its hiring and employment practices." (Id. at ¶ 19.) In response to Hamilton's complaint, the Government filed a motion to dismiss because (1) Hamilton's disparate treatment claim has no merit and (2) Hamilton has failed to exhaust his administrative remedies.

## II. DISCUSSION

### A. Proper Standard

The Government moves to dismiss Hamilton's complaint. However, the Govern-

---

2. Hamilton did not include this fact in his complaint or attach this document to his complaint. The Government, however, did attach this document to its motion to dismiss. Pursuant to Federal Rule of Evidence 201, the court will take judicial notice of Hamilton's Department of Treasury Complaint and of the facts therein. See FED. R. EVID. 201.

3. Again, Hamilton did not include the facts of the Department of Treasury's response or attach this document to his complaint. The Government, however, did attach this document to its motion to dismiss. Pursuant to

Federal Rule of Evidence 201, the court will take judicial notice of the Department of Treasury's response and of the facts therein. See FED. R. EVID. 201.

4. Again, Hamilton did not attach the EEOC Decision to his complaint or allege any of the facts therein. The Government, however, did attach this document to its motion to dismiss. Pursuant to Federal Rule of Evidence 201, the court will take judicial notice of the EEOC Decision and of the facts therein. See FED. R. EVID. 201.

ment has failed to state which Federal Rule of Civil Procedure forms the basis for this motion. Based upon the Government's arguments, it appears to this court that the Government is proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claim asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

In deciding a Rule 12(b)(6) motion, the court, ordinarily, is limited to the allegations contained in the pleadings. If the court considers matters outside the pleadings, the court should convert the Rule 12(b)(6) Motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). However, " 'the district court may ... take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994) (quoting *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991)); *see also Intermedics, Inc. v. Ventritex, Inc.,* 775 F.Supp. 1258, 1261 (N.D.Cal.1991) ("Facts properly held the object of judicial notice in the context of a motion to dismiss under 12(b)(6) include, among others, records and reports of administrative bodies ... items in the record of the case or matters of general public record."). Thus, because the matters outside of the pleadings are records and reports of an administrative body of which this court can take judicial notice, the court will not convert this motion to dismiss into a motion for summary judgment.

## B. *Allegation of Disparate Treatment*

In his complaint, Hamilton alleges that the Customs Service discriminated against him on the basis of his race by not hiring him. The Government, however, contends that Hamilton has failed to plead facts sufficient to establish a prima facie case of intentional discrimination under the indirect burden-shifting method of proof enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Specifically, the Government argues that Hamilton has failed to plead facts sufficient to show that the Customs Service's reasons for failing to hire him were pretextual. In support of their argument, the Government cites decisions which find that failing to pass a background investigation and falsifying a job application are legitimate nondiscriminatory reasons for failing to hire an individual. *See Fausto v. Reno,* 955 F.Supp. 286, 293 n. 4 (S.D.N.Y.1997); *McGee v. Randall Div. of Textron, Inc.,* 680 F.Supp. 241, 243–45 (N.D.Miss.1987). These cases, however, were all decided pursuant to a motion for summary judgment—not pursuant to a motion to dismiss.

In this case, Hamilton alleges that the Customs Service failed to hire him because he is black. This allegation satisfies the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2). FED. R. CIV. P. 8(a)(2); *see Togba v. County of*

*Cook,* 48 F.Supp.2d 1104, 1109 (N.D.Ill. 1999); *Saldana v. City of Chicago,* 972 F.Supp. 453, 456–57 (N.D.Ill.1997); *Dormeyer v. Comerica Bank,* No. 96 C 4805, 1997 WL 403697, at *4–5 (N.D.Ill. July 15, 1997). Accordingly, the court denies the Government's motion to dismiss Hamilton's disparate treatment allegation from his complaint.

### C. *Allegation of a Pattern and Practice of Discrimination*

In Hamilton's complaint, he alleges that the Customs Service "has a history of discriminatory patterns and practices toward persons of color." The Government, however, contends that this allegation should be dismissed because Hamilton failed to assert this allegation in his Department of Treasury Complaint.

As a general rule in a Title VII action, the scope of an administrative complaint limits the scope of the subsequent judicial proceedings. *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir.1985). Thus, a "plaintiff cannot bring claims in a lawsuit that were not included in ... [the] EEOC charge." *Cheek v. Western & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994). This rule serves two important purposes: (1) it gives the administrative agency the opportunity to settle the dispute; and (2) "it gives the employer some warning of the conduct about which the employee is aggrieved." *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992). Although this rule is not jurisdictional, it is a condition precedent. *Gibson v. West,* 201 F.3d 990, 994 (7th Cir. 2000). Therefore, the plaintiff can make equitable arguments to excuse his failure to present his claim at the administrative level. *Id.*

In this case, Hamilton did not allege in his Department of Treasury Complaint that the Customs Service has a pattern or practice of discriminating against persons of color in employment. However, if this claim is "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations," Hamilton's claim will be cognizable. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976). Thus, the allegations in the EEOC charge must be reasonably related to the claims in the complaint before the court and it must be reasonable to expect the claim in the complaint before the court to grow out of an EEOC investigation of the allegations in the EEOC charge. *See Cheek,* 31 F.3d at 500.

Hamilton's claim is reasonably related to the allegations in his Department of Treasury Complaint,[5] if the Department of Treasury Complaint and the complaint filed with this court describe the same conduct and implicate the same individuals. *See id.* at 501. Hamilton's Department of Treasury Complaint describes the conduct of Heckert while investigating Hamilton's background and the conduct of a few employees of the Customs Service in response to Hamilton's questions about the background investigation. These allegations relate only to the Customs Service's treatment of Hamilton. The allegations do not set forth a claim of class-wide discrimination. In fact, no where in the Department of Treasury Complaint does Hamilton allege a pattern or practice of discriminatory conduct by the Customs Service's employees. In fact, twice he states the exact opposite: (1) "I do believe that I was treated differently than others who apply for coop positions;" and (2) "I was almost always told that these things should not have happened and that they were clear violations of Background Investigation Policy." (Def's Ex. B.) Thus, because the allegations in his Department of Treasury Complaint relate only to discrimination against Hamilton, his claim that the Customs Service has a pattern and practice of discriminating against persons of color is not reasonably related to Ham-

---

5. Hamilton's Department of Treasury Complaint is the EEOC charge in this case.

ilton's allegations in his Department of Treasury Complaint.[6] Hamilton has not set forth any equitable defenses for his failure to allege a pattern and practice of discrimination in his Department of Treasury Complaint.[7] Accordingly, the court dismisses Hamilton's allegation of a pattern and practice of discrimination from Hamilton's complaint.

### CONCLUSION

For the foregoing reasons, the court denies in part and grants in part defendant's motion to dismiss plaintiff's complaint. Accordingly, the court enters the following orders:

1.  The court denies defendant's motion to dismiss the plaintiff's allegation of disparate treatment from his complaint.

2.  The court grants defendant's motion to dismiss the plaintiff's allegation of a pattern and practice of discrimination from his complaint.

---

**6.** As Hamilton is unable to satisfy the first element of the test, the court will not address the second element—whether it is reasonable to expect the claim in the complaint before the court to grow out of an EEOC investigation of the allegations in the EEOC charge.

**7.** In fact, Hamilton failed to respond entirely to the Government's motion to dismiss.